## Henry Murphy, Plff. in Err., *v.* E. P. Jones.

An offer to show payment should set forth the facts specifically as to the manner in which the payment was made or under what particular state of facts the defendant is not indebted.

In an action to recover money paid as bail for a debt of one afterwards discharged as a bankrupt, on a subsequent promise, an offer by defendant to

NOTE.—An offer of evidence must be specific as to the facts to be proved. Rice v. Burns, 9 Pa. Super. Ct. 58, 29 Pittsb. L. J. N. S. 243, 43 W. N. C. 301; Hand v. Central Pennsylvania Teleg. Supply Co. 1 Lack. Legal News, 351; Williams v. Williams, 34 Pa. 312; Long v. North British & M. Ins. Co. 137 Pa. 335, 21 Am. St. Rep. 879, 20 Atl. 1014. If not certain, the appellate court cannot say whether error has been committed by a refusal to admit. Cole v. High, 173 Pa. 590, 34 Atl. 292; Sweetzer v. Atterbury, 100 Pa. 18.

prove that "the debt was or ought to have been paid" out of money in the hands of the plaintiff belonging to the bankrupt is too indefinite and is properly excluded.

A judgment will not be reversed because it was said in the charge of the court to the jury that the case depended upon the truth or falsity of one witness, where such was the fact and the charge did the opposite party no harm.

(Argued October 26, 1886. Decided November 8, 1886.)

October Term, 1886, No. 59, W. D. Error to Common Pleas No. 1 of Allegheny County to review a judgment on a verdict for plaintiff in an action of assumpsit. Affirmed.

This case and the one following were tried together. The facts appear by the opinion.

Counsel for plaintiff offered in evidence, first, judgment of A. B. Hays & Company against E. P. Jones, at No. 265, July term, 1878; verdict December 13, 1878, for $1,650. December 20, 1878, judgment on the verdict. Assigned January 23, 1880, to the People's Savings Bank of Pittsburgh, and satisfied April 2, 1881, by the assignee of the People's Savings Bank. Objected to. Admitted. First assignment of error.

Counsel for defendant proposed to prove (offer "A") "that the defendant and one Hamilton were in the carpenter business, general builders. That Mr. E. P. Jones was attending to their collections and financial business, and that these claims that he now sues for were allowed to him and were, or ought to have been, lifted by him out of money that he had in his hands belonging to Murphy & Hamilton; and to show also, that, at the time they filed their petition in bankruptcy, it was prepared by Mr. Clark Johnson, a man in his office, and Mr. Jones at that time had this settlement and gave in the amount to be put in the schedule, and only claimed that the indebtedness was a balance for professional services, and generally to prove what occurred at that time." Excluded. Third assignment of error.

Counsel for defendant then proposed to prove (offer "B"), as tending to meet the allegation of the plaintiff upon the stand, that Murphy & Hamilton, at the time of their discharge, were indebted to him for the claim sued for at the time they went into bankruptcy, and that Henry Murphy subsequently promised to pay the same, to prove by the witness that at the time they went

into bankruptcy Murphy & Hamilton were not in debt to E. P. Jones in any sum of money except about $135; that Mr. Hamilton individually owed him for rent. Excluded. Fourth assignment of error.

Counsel for defendant then proposed (offer "C") to prove that the petition and schedule now shown, and which were filed in bankruptcy on behalf of Murphy & Hamilton, were prepared under the direction of E. P. Jones, the plaintiff, as attorney for Murphy & Hamilton; and when these claims were made up Mr. Jones claimed and admitted there was nothing due him except a claim for rent due by Mr. Hamilton, and a claim for professional services, and the same were left out by Mr. Jones's directions. Excluded. Fifth assignment of error.

Counsel for defendant then proposed (offer "D") to follow the evidence last offered, by showing that the accounts of Harris Crawford and Hays & Company were an existing indebtedness at that time and part of the transactions arising between Murphy & Hamilton before that date. Excluded. Sixth assignment of error.

Defendant's counsel asked the defendant the following questions:

*Q.* He alleges that in October or November, 1883, that you promised to pay him this Murphy & Hamilton indebtedness which he speaks of as having paid for you on account of Crawford and Hays & Company. Now, at that time did Murphy & Hamilton owe him any money? Excluded.

*Q.* At the same time did you individually owe Mr. Jones any money or any claim of which he had control except the two mortgages you have spoken of? Excluded. Seventh assignment of error.

The court charged the jury:

"If you believe the testimony of E. P. Jones, plaintiff, your verdict should be in his favor in each of these cases as against Henry Murphy." Bill of exceptions for defendant. Second assignment of error.

*Barton & Sons* for plaintiff in error.

*John S. Ferguson* for defendant in error.

OPINION BY MR. JUSTICE CLARK:

The questions to be considered in this case will perhaps be better understood after a brief statement of the facts out of which they arise:

Henry Murphy and Thomas J. Hamilton, who were copartners under the name of Murphy & Hamilton, were indebted to A. Hays & Company in the sum of $1,650, and E. P. Jones, the plaintiff in this suit, became bound as bail for the payment of that debt. On April 23, 1878, Murphy & Hamilton, upon their own petition, were adjudged bankrupts and on the 9th of July, 1880, were, in due form, discharged from their debts. A judgment having been obtained by Hays & Company against Jones, upon his obligations as surety, the latter, on the 13th of December, 1878, paid the debt, and the judgment was afterwards satisfied.

In the affidavit of claim the plaintiff alleges that Murphy after his discharge in bankruptcy, by an absolute, unconditional, and unequivocal promise undertook to pay to Jones the amount which as a surety he had been obliged to pay to Hays & Company and this suit is in part brought upon the alleged promise. In the affidavit of defense, Murphy, admitting the indebtedness of Murphy & Hamilton to Hays & Company, and that Jones became surety for payment thereof, alleges that Jones at the maturity of that debt, in point of fact, had in his hands money of Murphy & Hamilton more than sufficient to pay it; that Jones promised to pay the debt out of these funds, but failed to do so until judgment was recovered against him, and that when he paid the judgment he paid it out of money which he had thus retained for the purpose. The defendant also set up his discharge in bankruptcy and denied that he had at any time since agreed or promised to pay the debt.

The fourth section of the eighth rule of the court of common pleas provides as follows: "No evidence shall be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action or matter of defense in the statements then on file in the cause." The pleas were *non assumpsit,* payment with leave, etc.

It was undoubtedly competent for the defendant under this construction of the pleadings to show that the money which Jones paid Hays & Company had been actually taken from the funds of Murphy & Hamilton, which Jones had retained for

the purpose; this was substantially alleged and refererd to as matter of defense in the statement on file in the cause; but none of the defendant's offers were to this effect. The offer "A" is evasive and equivocal in form; in that offer it is not proposed to show that the claims "were" thus paid out of funds retained for the purpose, but that they "were or ought to have been lifted by him out of money that he had in his hands belonging to Murphy & Hamilton." It may be that they ought to have been paid out of money in Jones's hands; but if they were not, and the moneys were otherwise applied, this would be no defense.

The refusal of the offers B, C, and D, as far as this case is concerned, certainly did the defendant no harm. The facts alleged and offered to be shown were wholly consistent with the schedules filed in the bankruptcy proceedings. These schedules contained a general statement of the Hays & Company claims, but as Jones had not yet paid them they were of course not set down in his name. It was wholly unimportant that the papers were prepared under his direction, or that he admitted there was nothing due him except a claim for rent, and a claim for professional services, as this Hays & Company's claim was not in point of fact owing to him at that time, and the schedules showed that the debt remained unsatisfied.

The offers set forth in the seventh assignment are too general in form, as the original indebtedness is admitted; an offer to show payment should set forth the facts specifically as to the mode or manner in which the payment was made or under what particular state of facts the defendant is not indebted.

The judgment of Hays & Company was clearly admissible in evidence; it exhibited the record of the recovery by Hays & Company against Jones on his contract of suretyship; it fixed the amount for which he was held as surety and the amount which he was obliged to pay; it fixed, therefore, the amount of his claim against Murphy & Hamilton.

The form of the charge in general practice is certainly not to be commended. To say that the case depends upon the truth or falsity of the evidence of a single witness, although he may have possessed extraordinary opportunities to know of the matter concerning which he testifies, is generally to give too much prominence to a part of the case only. Shaver v. McCarthy, 16 Pittsb. L. J. 497.

The evidence should be submitted to the jury as a connected

whole. McTaggart v. Thompson, 14 Pa. 149; Irish v. Smith, 8 Serg. & R. 581, 11 Am. Dec. 648; Rambler v. Tryon, 7 Serg. & R. 90, 10 Am. Dec. 444.

But in this particular instance the charge of the court did the defendant no harm; the cause did in point of fact turn upon the testimony of E. P. Jones. He testified circumstantially and in detail as to the facts attending the alleged promise of Murphy to pay the debt after his discharge in bankruptcy; in this he was corroborated to some extent by his son and his office clerk. The testimony of Murphy, however, was an absolute denial, that and no more. In such a case we cannot see how the court could do any harm by saying what was literally true, that the whole case turned upon their believing or disbelieving the testimony of E. P. Jones. We find no error in this record, and, therefore, the—

Judgment is affirmed.