[No. 400.    Decided March 29, 1892.]

P. S. WILKES, *Appellant*, v. L. S. J. HUNT, GRIFFITH
DAVIES, F. A. TWITCHELL AND W. T. FORREST, *Respondents.*

SCHOOL LANDS—SALE—IMPROVEMENTS—FAILURE TO APPRAISE—REMEDIES.

Under Gen. Stat., title 24, ch. 1, regulating the appraisal and sale of school lands by boards of county commissioners, the commissioners are not required to act in their ordinary capacity, but as appraising and selling agents of the state, and an appeal will not lie from their failure to appraise improvements on leased school lands.

Where a lessee of school lands has made improvements thereon for which no appraisement was made when the lands were sold by the state, his remedy is not injunction to prevent the delivery of a contract of sale, but he can retain possession of the lands until compensated as the law requires, or he can sue the purchaser for debt and have the value of his improvements fixed by a court and jury.

*Appeal from Superior Court, King County.*

Proceeding by P. S. Wilkes against L. S. J. Hunt, Griffith Davies, F. A. Twitchell and W. T. Forrest, as commissioner of public lands, to restrain the execution and delivery of a contract for the sale of certain school lands which had been leased to appellant, and upon which he had made lasting improvements.

*W. S. Relfe*, for appellant.
*Preston, Carr & Preston*, for respondents.

The opinion of the court was delivered by

STILES, J.—The appellant is not satisfied with the judgment of the superior court dismissing his action brought to restrain the commissioner of public lands from executing and delivering to the other respondents a contract for certain school lands alleged to have been sold to them in pur-

suance of Gen. Stat., § 2148, but without an appraisement of certain improvements, the property of appellant, said to have been made upon the lands when they were appraised by the county commissioners, as required by § 2146. A demurrer to the complaint was sustained in the superior court, but the respondents do not appear here. Appellant's brief says the demurrer was sustained on the ground that the plaintiff should have removed the proceedings of the appraisers to the superior court by *certiorari*, or should have appealed from the appraisement, under Gen. Stat., § 298. There being no one to contend for this ground of demurrer, we are not disposed to think it a good one. It seems to us, that under the statutes in reference to the appraisal and sale of school lands (Gen. Stat., title 24, ch. 1), the commissioners are not required to act in their ordinary capacity, but as appraising and selling agents of the state, in subordination to the state school land commission. It will be noticed that they are paid by the state, not by their counties; § 2157. If this view is correct, the law for appeals from the board of county commissioners can have no application. It would certainly be a great and unexpected embarrassment to the conduct of the state's business in disposing of its lands, if an appeal could be taken from every such appraisement or failure to appraise. *Mandamus* might, perhaps, have lain to require the appraisement of the improvements before the return was made. But even though we may disagree with what is alleged to have been the reason given for sustaining the demurrer we are not satisfied that the judgment of the superior court was wrong. To maintain injunction against any one the plaintiff must make sure that he has not some other adequate remedy; and this is none the less the rule when an officer of the state is the person sought to be enjoined, and the object of the injunction is to prevent his performing a statutory duty. In this case the appellant shows that there was no

appraisement of his improvements, and that, therefore, the purchasers from the state will take title to the land without paying him for their value, as the statute says he shall do within thirty days.

Were we clear that such results would follow we should feel inclined to reverse the judgment, since it is plain that the intention of the statute is to reimburse persons situated as the appellant avers himself to be. But he seems to have not only one, but even two other remedies, either of which would save him harmless. In the first place, if there has been no compliance with the statute by the appraisement of his improvements, certainly no court would permit a purchaser under those circumstances to interfere with his possession of the land until he is compensated as the law requires. Secondly, the purchaser is required to pay the appraised value to the owner of the improvements; that is, he is the debtor of the owner to that amount and must pay it within thirty days. He can be sued for the debt; and if there has been no appraisement, the court and a jury can fix the reasonable value as well as the commissioners.

With such a wealth of remedies at his hand we think the state should be permitted to proceed with its business without the hindrance of an injunction, and the judgment is therefore affirmed.

DUNBAR, SCOTT and HOYT, JJ., concur.

ANDERS, C. J., not sitting.