[No. 620.   Decided November 7, 1892.]

W. J. PEARSON, *Respondent*, v. GEORGE T. ASHLEY and ANNIE ASHLEY, *Appellants*.

APPEAL — STIPULATON — TIME OF FIXING BOND — PRESUMPTION — SCHOOL LANDS — EJECTMENT BY PURCHASER — PAYMENT FOR IMPROVEMENTS.

Where the parties to an appeal have filed a stipulation providing, among other things, "that the appeal herein was duly perfected and the requisite undertaking on appeal was given and filed within the time prescribed by law," the court will disregard re-

spondent's motion to dismiss the appeal on the ground that the bond was not filed in time, and will presume that the date of filing endorsed on the bond is due to a mistake on the part of the clerk.

Under Gen. Stat., § 2146, one in possession of school lands and having improvements thereon, which have been duly appraised by the board of county commissioners before the sale thereof, has a right, as against the purchaser at such sale, to retain possession until he has been paid by such purchaser the value of his improvements as so appraised.

*Appeal from Superior Court, Wahkiakum County.*

*Hardesty & Kellum,* for appellants.

*J. Bruce Polwarth,* and *John H. & A. M. Smith,* for respondent.

The opinion of the court was delivered by

HOYT, J.—There was attached to the statement of facts in this case a stipulation signed by the attorneys for the respective parties, substantially as follows:

"It is hereby agreed that the foregoing statement of facts and bill of exceptions contains a full, true and correct copy of all papers necessary and proper to be used on this appeal. That the appeal herein was duly perfected and the requisite undertaking on appeal was given and filed within the time prescribed by law. That the foregoing is a full, true and correct transcript, and that the appeal herein may be heard thereon."

In the face of this stipulation respondent moves the court to dismiss the appeal on the ground that the bond was not filed in time. In our opinion he has no standing in court under the circumstances to urge such a motion. After the respondent had entered into such a stipulation the court will presume that the clerk made a mistake in endorsing the date of the filing of the bond therein, and that to prevent any formal proceedings to correct such error the stipulation in question was entered into. The motion must be denied.

But one question is presented for our determination by

the record in this case, and that is whether or not one in possession of school lands, and having improvements thereon which have been duly appraised by the board of county commissioners before the sale thereof, has a right, as against the purchaser at such sale, to retain possession until he has been paid by such purchaser the value of his improvements as so appraised. Sec. 2146, Gen. Stat., is in words and figures following, to wit:

"Sec. 2146. The appraisers shall also appraise all improvements found upon school lands, and shall also appraise all damages and waste to the premises by cutting timber, or the removal of timber, stone or other materials from the premises by the person claiming the improvements, or by his consent, and the balance, after deducting damages and waste, appraised as aforesaid, shall be set down as the value of the improvements upon the lands so appraised: *Provided,* That this section shall not be construed to affect the right of the state to the value of such lands appraised: *Provided further,* If the purchaser be not the owner of the improvements, he shall pay to the said owner in cash the appraised value thereof at the time of sale, within thirty days from the day of sale."

And upon its interpretation the question at bar must be decided. The respondent contends that under the provisions of that section he, as the purchaser of the land in question, became liable to the owner of the improvements to the amount for which they had been appraised, and that the owner thereof could, on the expiration of thirty days from the date of sale, maintain an action therefor if the same had not been paid. On the other hand, it is contended by the appellant that to give effect to the evident intent of the legislature it must be held that the payment of the appraised value of such improvements is necessary to perfect the right of the purchaser to the possession of the land. He argues that no other contention would accomplish what the legislature evidently intended; that is, to secure absolutely to the one who had made the improve-

ments the value thereof as appraised by the board of county commissioners

We think the contention of the appellant is correct. The duty of the purchaser to pay the appraised value is made absolute by the statute. And in our opinion it was not the intention of the legislature that the collection thereof should be enforced by the ordinary process of law which might prove entirely inadequate, and the purchaser be left in the full beneficial occupancy of the land without having paid for the improvements as required by the statute. If it had been the intention of the legislature to have simply provided that the owner of the improvements should have. a right of action against the purchaser for the value thereof, the natural thing would have been for it to have said so, and for the reason that to accomplish that object such a provision would have been the ordinary and proper one, the provision that the purchaser should pay must, we think, be construed as it reads. The provision requiring such payment is connected immediately with that relating to the sale by the state. Such being the case it must be held to constitute one of the conditions of such sale, and that such payment is necessary to secure to a purchaser the right to possession thereunder.

Respondent, however, contends that even although the statute be construed as above stated, yet in this case he was entitled to recover the possession. · The allegations upon which he founds his reasoning in this regard are that there were two persons claiming to be the owners of the improvements upon the land in question, and that such being the case, and he not knowing to whom they rightfully belonged, he had paid the amount of the appraised value to the county auditor. There is some plausibility in the argument of counsel for the respondent upon this branch of the case, but we are unable to find from the acts alleged anything which could bind the appellant and therefore de-

prive him of his right to be paid the appraised value before his possession could be disturbed. The appellant's right to the improvements had been recognized by the board of county commissioners, and they had been appraised as his property, and since the only right which the owner of such improvements has under the legislation of the state is derived from the provisions relating to such appraisal by the board of county commissioners, it probably follows that their action in determining to whom the improvements belonged, so far as the question of payment therefor by the purchaser at the sale is concerned, is final. It is not, however, necessary for us to decide this point in the case at bar, for even if the contention of the respondent that he pays to the proper owner of the improvements at his peril is correct, yet he must, under the construction which we have given to the statute, in some proper manner determine to whom such payment shall be made before he can maintain his action for possession of the property as against one in possession of improvements which have been regularly appraised by the commissioners as his property. It is possible that the proper tender could be made in the same action by which possession was sought, and the necessary persons made parties thereto to have the question of the ownership of the improvements therein conclusively determined. But even if such were the case the proceedings of the plaintiff in regard to the amount due for such improvements in the case at bar were insufficient for any such purpose.

It follows that the court below erred in holding that the purchaser could recover possession without payment of the appraised value of the improvements, and that for the error so committed the judgment must be reversed, and the cause remanded with instructions to further proceed in accordance with this opinion.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.