[No. 4335.  Decided December 31, 1902.]

JAMES DUNSMUIR, *Respondent*, v. PORT ANGELES GAS, WATER, ELECTRIC LIGHT AND POWER COMPANY *et al.*, *Appellants*.

JUDGMENTS — RES JUDICATA — DENIAL OF PLAINTIFF'S LIEN FOR TAXES — EFFECT ON RIGHT TO SUBROGATION.

The judgment in an action to determine the priorities between mortgagees of the same property which expressly decided that plaintiff had no lien for taxes paid by him, because the property was personalty instead of realty, and the statute afforded the mortgagee a lien when he paid taxes on real estate only, is not a bar to a subsequent action between the same parties involving the same taxes, where the subsequent action seeks to recover the amount of the taxes paid by plaintiff as a prior mortgagee and to have the amount paid adjudged a lien on the property, and that he be subrogated to the rights of the county in the enforcement of such lien.

SUBROGATION — PAYMENT OF TAXES BY MORTGAGEE.

Where one in good faith, in the belief that he has a valid lien on certain personal property, pays delinquent taxes thereon in order to protect his supposed lien, he is entitled to be subrogated to the rights of the county to the extent of the taxes paid, with interest thereon at the legal rate, but is not entitled to collect the penalties provided by statute.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge.    Affirmed.

*Ira Bronson,* for appellants.

*W. L. Marquardt* and *J. J. Anderson,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff seeks to recover from defendants the amount of certain taxes levied in the years 1892, 1893 and 1894 on a system of waterworks then owned by the two first-named defendants in Clallam county, and to have the amount so paid adjudged a lien on said property, and that he may be subrogated to the rights of the county in the enforcement of said lien. The material findings of fact by the court are as follows:

"(3)    That on or about the 21st day of February, 1891, the Port Angeles Gas, Water, Electric Light & Power Company, Limited, was indebted to the plaintiff in the sum of $20,000, and executed and delivered to him its promissory note for the said sum, and secured the same by a mortgage upon all of its personal property situated in the city of Port Angeles, Clallam county, Washington, known and designated as the 'Port Angeles Waterworks.'

"(4)    That thereafter, and on or about the 1st day of June, 1892, the said company, then known as the Port Angeles Water Company, executed to the Seattle Safe Deposit & Trust Company a trust deed or mortgage covering the same property to secure the payment of certain bonds issued by said company in the amount, to wit, the sum of $40,000.

"(5)    That at the time of execution and delivery of both of said mortgages hereinbefore set forth said corporation was not indebted for any taxes against its said property.

"(6)    That on or about the 1st day of February, 1896, there was due and collectible upon said mortgaged property on account of taxes for the years 1892, 1893 and 1894 the sum of $2,969.30.

"(7)    That on or about said date the treasurer of Clallam county, Washington, duly levied upon and distrained all of the property of the said defendant water companies, posted notices according to law, and advertised said property for sale to satisfy the amount due for such taxes.

"(8)    That on or about the 10th day of February, 1896, for the purpose of preserving said property from such tax sale, protecting the plaintiff's interest by virtue of his said mortgage, plaintiff paid the said taxes to the said treasurer, and received his tax receipts therefor.

"(9)    That thereafter the said Angeles Water Company duly turned over and delivered to the defendant A. P. Burwell the possession of the said waterworks plant and all the property of the said defendant corporations. That thereafter the said safe deposit and trust company duly assigned and transferred to said defendant A. P. Burwell the before mentioned trust deed or mortgage.

"(10)    That thereafter the said plaintiff and the said defendant A. P. Burwell both instituted such proceedings as were necessary for the purpose of foreclosing their respective interests against said corporation and said property. That the contention of both said plaintiff and said defendant Burwell in the litigation resulting from such proceedings was as to which of said parties had the prior lien by virtue of said mortgage against said property. That upon the trial of said cause in the superior court of said Clallam county it was adjudged and decreed that this plaintiff had such prior lien, and judgment was entered accordingly. That thereafter, upon appeal of said cause to the supreme court of the state of Washington, said judgment was reversed, and it was determined that said defendant Burwell's trust deed was a prior lien to plaintiff's mortgage.

(11)    That said defendant Burwell and said defendant water company have had the benefit of the taxes so paid by plaintiff.

(12    That the said defendant corporations are insolvent, and have no property at all out of which to realize the repayment of such taxes, and that plaintiff has no remedy in law to recover the same.

"(13)    That said A. P. Burwell had full knowledge of the proceedings of the said county treasurer to sell said property to satisfy the taxes due thereon, and was

requested by this plaintiff to pay said taxes, which request was refused, whereupon plaintiff paid the same."

A general demurrer was interposed to the complaint, and overruled, to which ruling an exception was preserved, and thereafter the defendant Burwell answered, pleading a former adjudication of the same controversy between the same parties, reported in 24 Wash. 104 (63 Pac. 1095). A general demurrer was interposed to the answer, and sustained, when, said defendant declining to plead further, a decree was given in favor of plaintiff.

1. The plea of *res adjudicata* will be first considered. This case, reported in 24 Wash. 104 (63 Pac. 1095), was between the same parties. An examination of the facts of the case in the opinion shows that the plaintiff in the present case there instituted his suit to foreclose a mortgage owned by him upon the same property, the waterworks system, and in his complaint claimed the same taxes now claimed. The complaint there alleged, in substance, the priority of plaintiff's mortgage over the claim of the defendant Burwell, a trustee, who claimed under a subsequent trust deed or mortgage; and the taxes claimed therein were demanded by virtue of the plaintiff's claim that his mortgage was on the system of waterworks as real property. The rights asserted were on a real mortgage. Defendant Burwell was there held to be a subsequent mortgagee for a valuable consideration, in good faith, without notice of plaintiff's mortgage, when the trust deed was executed to him. The waterworks system was held to be personal property, and it was found that plaintiff's mortgage was not recorded in the book required for the registration of chattel mortgages, and the mortgage of defendant Burwell was adjudged superior to plaintiff's mortgage. The judgment there of the su-

perior court was reversed. It will be observed on an examination of this case that one error alone was considered on the appeal. The court observed:

"Although the record in this case is quite voluminous, and many errors are assigned by appellant in his brief, the real points argued and relied on by appellant as grounds for a reversal of the judgment are not numerous. The material errors alleged are: (1) That plaintiff (respondent) failed to prove that he loaned or advanced any money to the first company; (2) that the note and mortgage set out in the complaint are defective and insufficient to give constructive notice to appellant Burwell, or to any one; (3) that said mortgage was not recorded in a volume kept exclusively for the recording of mortgages of personal property, and was not indexed as required by law; and (4) that said note and mortgage were not authorized by said company through its board of trustees, or at all. It is conceded by the respondent that the trustee named in the mortgage or trust deed executed by the Angeles Water Company had no actual notice or knowledge of respondent's mortgage, and it therefore follows that, if the said trustee was not charged with constructive notice thereof, the trust deed, having been given for a valuable consideration, must be deemed a valid and prior lien upon the property described therein. Our statute provides that a mortgage of·personal property is void as against creditors of the mortgagors or subsequent purchasers and incumbrancers of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and is acknowledged and recorded in the same manner as is required by law in conveyance of real property. 1 Hill's Code, § 1648; Bal. Code, § 4558. And it is further provided that such mortgage must be recorded in the office of the county auditor of the county in which the property is situated, in a book kept exclusively for that purpose. 1

Hill's Code, § 1649; Bal. Code, § 4559. The respondent's mortgage, it is conceded, was recorded in the records of real estate mortgages only; and if, as appellant contends, it is a mortgage of personal property, the record imparted no notice to appellant, and it will not be necessary to determine any question other than that presented by the third assignment of error."

It was observed of the nature of the claim by plaintiff for the taxes paid:

"It is stipulated by the parties hereto that the property involved in this controversy was assessed for the years 1892, 1893, and 1894, pursuant to law, as personal property; that the taxes assessed thereon became delinquent; that the said property was advertised for sale by the county treasurer; and that the respondent, for the purpose of protecting his claim and lien, paid the full amount of the taxes levied upon the property. It seems that respondent also paid the taxes on the water plant for subsequent years, and the sums so paid were adjudged a lien upon the property assessed by virtue of § 109, p. 322, Laws 1891, which provides that any person who has a lien, by mortgage or otherwise, upon any real property on which the taxes have not been paid, may pay such taxes, and that the same shall constitute an additional lien. As this provision relates to liens upon real property only, the payment of the taxes by respondent created no lien in his favor; and, although it would seem that those who were benefited thereby are morally bound to repay the same to the respondent, no judgment can be rendered therefor in this proceeding."

It plainly appears that the court only determined the priorities between plaintiff and defendant Burwell as to their respective liens upon the property, and it was determined that the mortgage held by plaintiff was upon personal property, and not recorded so as to impart notice to defendant Burwell. The court expressly decreed that the moral obligation to repay these taxes then

existed, but that no decree therefor could be rendered in that action. It thus appears from the opinion and facts stated in the former case that the right to recover the taxes paid by plaintiff was not determined. The cases of *Wilkes v. Hunt,* 4 Wash. 100 (29 Pac. 830), and *Wilkes v. Davies,* 8 Wash. 112 (35 Pac. 611, 23 L. R. A. 103), show where the same parties and controversy were before the court in the former action, and the court did not determine the controversy because the remedy there was not deemed appropriate. It was held in the latter case that there was no adjudication constituting an estoppel. The rule is very well stated in *Marble Savings Bank v. Williams,* 23 Wash. 766 (63 Pac. 511):

"Where a judgment in a former action is pleaded as an estoppel in a subsequent action between the same parties involving the same subject-matter, and the record does not disclose upon which of several issues the case was litigated and decided, extrinsic evidence is admissible for the purpose of establishing that the former action was determined upon an issue which is not involved in the subsequent action."

The record itself in the case pleaded in estoppel shows the claim for repayment of taxes was not determined on its merits. Plaintiff in that case claimed the repayment under a lien given by the statute for payment of delinquent taxes by a mortgagee of real estate for the protection of his lien. The court held the property was not real estate, and as against defendant Burwell plaintiff had no mortgage lien on the property, and observed of the repayment of the taxes no decree could be made for them in the action. The plea of *res adjudicata* is not well taken.

2. Plaintiff believed he had a valid lien upon the system of waterworks. In good faith he paid the delinquent

taxes to protect this lien.   The trustee, defendant Bur-
well, had full knowledge of the delinquency of the taxes
and of the intention of the plaintiff to pay them unless
he should pay them.   Plaintiff now seeks to be subrogated
to the rights of the county, and to enforce the original
lien for the taxes against the property.   Subrogation pe-
culiarly involves équitable principles.   It does not depend
upon contract, but is founded on principles of natural
justice.   It has been frequently applied to the payment
of taxes made in good faith by one who deemed it
necessary to protect a lien on the property where taxes
were levied, although no lien existed in law.   See *Knigh-
ton v. Curry,* 62 Ala. 404.   In *Fischer v. Woodruff,* 25
Wash. 67 (64 Pac. 923, 87 Am. St. Rep. 742), it was
held, where a subsequent mortgagee paid taxes on the
mortgaged property in good faith to protect his lien,
he was entitled, on his mortgage being defeated by prior
incumbrances, to have the taxes so paid declared a first
lien on the property.   The case of *Packwood v. Briggs,*
25 Wash. 530 (65 Pac. 846), was where the holder of
a general judgment lien paid delinquent taxes upon real
property.   The lien of the judgment was pronounced in-
valid as against a mortgagee.   The taxes, however, were
made a lien on the mortgaged premises.   It was observed:
"It follows that, if appellant is entitled to relief on ac-
count of the taxes paid, it must be based upon equitable
grounds, considered with reference to the relations of the
parties to the subject-matter.   It must be conceded that
appellant paid the taxes in good faith, relying upon what
he believed to be his lien as authority for it.   It cannot
be assumed that the payment was made as that of a mere
volunteer, or as that of one meddling with something in
which he knew he had no interest.   The evidence shows

38-30 WASH.

that the payment was made in the honest belief that appellant held a valid lien upon the land, and he was only seeking to prevent the paramount lien of the taxes from destroying the value of what he believed to be his own lien against the lands." It may be observed here that the repayment of the taxes was adjudged in that case upon general equitable considerations. In the present case the decree before us impressed the tax together with all penalties of delinquency under the revenue act as a lien upon the property. We think in equity the plaintiff is entitled to the principal sum paid on the settlement of the taxes, together with the legal rate of interest thereon from that date until paid. He ought not to collect the penalties provided by the statute. The measure of his recovery is the amount of money he paid and legal interest from the date of payment.

With this modification, the judgment of the superior court is affirmed. Costs to appellant.

ANDERS, MOUNT, DUNBAR and FULLERTON, JJ., concur.