[No. 4324.   Decided July 29, 1903.]

# H. M. BRUMMETT, *Appellant*, v. F. L. CAMPBELL *et al.,* *Respondents.*

PLEADINGS — CONCLUSIONS.

Neither conclusions or probative facts should be pleaded, but the allegation of a fact will not be affected by the addition of conclusions or redundant matter.

EQUITY — CONTRACT TO CONVEY — SPECIFIC PERFORMANCE.

Where an applicant for the purchase of school lands agrees in writing that, upon receiving a deed, he will convey a portion thereof to the owner of improvements thereon, who was to pay a proportion of the price in installments, and the contract for the purchase from the state is assigned, with notice, and the assignee receives installments of the price from the owner of the improvements, the assignee, upon obtaining a deed from the state, is bound to convey to parties who had succeeded to the interest of the owner of the improvements through the foreclosure of a mortgage thereon, upon a tender by them of the balance due under the written agreement.

SAME — EQUITABLE DEFENSE — DIRECTED VERDICT.

In an action to recover the possession of land, the plaintiff is not entitled to recover upon legal title alone, where the defendants claim the equitable title, and whether the defendants are entitled to the equitable relief demanded is a question of law for the court, and a verdict is properly directed where such defense is established.

SAME — CONTRACTS — ABROGATION.

After the owner of improvements upon school lands had mortgaged the same and his equitable interest in the lands under an agreement for the purchase of the same, he could not cancel and abrogate the agreement to the prejudice of the mortgagee, and the court was justified in disregarding unsatisfactory evidence of such attempted abrogation.

SCHOOL LANDS — IMPROVEMENTS.

The person lawfully in possession of school lands and improvements thereon has a right to retain the same until they are paid for.

APPEAL — EVIDENCE — HARMLESS ERROR.

The erroneous admission of evidence is harmless where on the whole case a verdict was properly directed for defendants.

Appeal from Superior Court, Chehalis County.—Hon. OLIVER V. LINN, Judge.   Affirmed.

*J. C. Cross,* for appellant.

*J. A. Hutcheson,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was originally instituted by H. M. Brummett, appellant, against John Campbell and wife and Charles Merrill and wife, to recover the possession of a certain tract of land in Chehalis county, containing about four and one-eighth acres, the same being a part of lot 5, in section 36, township 18 north, of range 7 west, W. M.   At or before the trial F. L. Campbell, W. D. Campbell, and Agnes Campbell were, by stipulation of parties and order of court, substituted as defendants in place of the original defendants.   The record discloses that in the year 1888 one Dole was living on the land in dispute, and was the owner of valuable improvements placed thereon by himself, consisting of buildings, fences, and an orchard, and in November of that year he received from the county commissioners a lease of this and other land for a term of six years, or until the land should be sold.   On April 13, 1889, Dole executed and delivered an assignment of his lease and a deed to the buildings and other improvements on the land to John C. Smith and Jacob Koontz.   On March 21, 1890, Smith and Koontz, the grantees of Dole, made and delivered an assignment of this lease and a deed to said improvements to one John A. Ray.   On or about October 6, 1890, the improvements on the premises covered by

this lease, and which were mostly on the land here in question, were appraised by the county commissioners, in the discharge of their duty under the law, at $1,009.33. During March, 1891, the said Koontz was contemplating a contract with the state for the purchase of the land embraced in the lease above mentioned, and, not desiring to pay for the improvements on the land in controversy, he, on March 14, 1891, entered into a written agreement with Ray, the owner of the improvements, whereby Ray was to retain his improvements, purchase this land and pay therefor, in stated installments, such proportion of the purchase price of the entire tract included in the state's contract as this land bore to the whole tract purchased, and Koontz was to deed to Ray the land in question as soon as he should receive a deed from the state. On March 2, 1892, Koontz assigned his interest under his contract with the state to appellant Brummett, and in the written assignment appellant agreed to perform the conditions in said contract, and all subsequent agreements, and on the same day Ray and wife executed a release discharging Koontz from the obligations of his contract of March 14, 1891, and accepting Brummett in his stead, and thereafter Ray paid to appellant certain amounts due from him for this land, according to his contract with Koontz, and which had been assumed by appellant. On March 29, 1893, Ray and wife mortgaged their interest in, and improvements on, the land in question to John Campbell, one of the original defendants herein, to secure the payment of certain promissory notes. On July 3, 1896, foreclosure proceedings were instituted in the superior court for Chehalis county by the said mortgagee, John Campbell, against the mortgagors, Ray and wife, and in that action appellant, Brummett, was

made a party defendant. The defendants, including appellant, were duly served with summons, and, having failed to appear, were subsequently adjudged in default, and a decree of foreclosure rendered against them. Execution was issued, and delivered to the sheriff, who, in obedience to the command of the writ, advertised and sold to said John Campbell "all the tenements, buildings, and improvements" on, and all the right, titled and interest of the defendants Ray in and to, the land in controversy. Pursuant to said sale the sheriff, on September 13, 1897, executed and delivered a deed to said property to the said purchaser John Campbell. Subsequently to the sheriff's sale, John Campbell took possession of the property with the consent of Ray and wife, and he and his grantees, the present ("substituted") defendants, have since remained in possession thereof, and each year have tendered or offered to pay to appellant the amount due on the contract between Ray and Koontz. On February 9, 1900, the appellant, Brummett, received a deed from the state conveying to him the land described in the Koontz contract, including the land involved in this action, and subsequently, and before the commencement of this action, the respondents tendered to appellant the full amount due for the land described in the complaint herein, and demanded from him a deed therefor in accordance with the contract between Koontz and Ray, which tender and demand were refused. On May 16, 1900, this action was commenced, the appellant alleging in his complaint, in substance, among other things, that on or about the third day of July, 1896, he was the owner of, and seized of a certain estate in, and possessed of and entitled to possession of, that certain described tract of land situate in Chehalis county, Washington, particularly describing it; that his

interest in said lands at said date consisted of, and his possession and right of possession were based upon, a certain contract with the state of Washington for the purchase of said lands, which contract was then in full force and effect and without default; that while he was so seized and possessed of said lands the defendants (respondents) on or about the first day of December, 1896, without right or title, and against the protest of the plain-tiff, entered into the possession of said lands and premises and ousted and ejected the plaintiff therefrom, and have ever since and now unlawfully withhold the possession thereof from the plaintiff, to his damage in the sum of $200; that subsequently, and on February 9, 1900, the plaintiff received from the state of Washington, pursuant to his said contract, a deed to said lands and premises, which deed was duly executed and delivered to the plaintiff, and duly recorded in the office of the auditor of Chehalis county on February 13, 1900, in Book 58 of Deeds, at page 43 thereof; that the value of the rents and profits of said premises from the said first day of December, 1896, and while plaintiff has been excluded therefrom by defendants, is thirty dollars per annum; that plaintiff has repeatedly demanded of the defendants the possession of said premises, but such requests have been refused and denied. The prayer of the complaint is for judgment against the defendants for the possession of said lands and premises, for $200 damage for withholding possession thereof from plaintiff, for the sum of $30 per annum, as the value of the rents and profits of said lands, for his costs herein, and for such other and further relief as to the court may seem just and equitable. The defendants, after admitting certain allegations in the complaint and denying others, set up in their answer two affirmative

defenses, one of which they designate a counterclaim, praying that the plaintiff be decreed to be a trustee of the lands in question and described in the complaint, and that he be ordered to convey the same to them. In their affirmative defenses the defendants, briefly stated, alleged the making of the contract between the state and Koontz, for the sale and purchase of the lands described therein, including the land in controversy, the execution and delivery of the contract of March 14, 1891, between Koontz, the state's grantee in said contract, and John A. Ray, the owner and possessor of the improvements on the land in dispute, which last named contract was made a part of the answer, and the assignment and transfer by Koontz of his contract with the state, subject to all the agreements and obligations therefor entered into by said Koontz with Ray in regard to the lands referred to in plaintiff's complaint. It is also alleged in the answer that by virtue of a sheriff's deed, dated the 13th day of September, 1897, and recorded in Book 52 of the records of deeds of Chehalis county, on page 271 thereof, and of the several instruments and foreclosure proceedings leading up to and authorizing the execution of said deed, and also by virtue of the sheriff's certificate of sale, dated August 9, 1896, and surrendered to the sheriff at the time said deed was executed and delivered, all of which proceedings were had in the superior court of Washington, for Chehalis county, in a certain cause in which the defendants herein, John Campbell and Mary Campbell, were plaintiffs, and John A. Ray et al. were defendants, these defendants, John Campbell and Mary Campbell, became the due and lawful owners and entered into the lawful and peaceable possession of the tenements, buildings, and improvements, including fences, crops,

fruit trees, clearing, etc., on the land referred to in plain-
tiff's complaint, together with the right, title, and inter-
est of the said John A. Ray and Prudence Ray, his wife,
in and to said described land, and all and singular the
tenements, hereditaments, and appurtenances thereunto
belonging or in any wise appertaining; and that by virtue
of said ownership said defendants John Campbell and
Mary Campbell entered into possession of all of said
premises, and ever since have been and now are in the
lawful and peaceable possession thereof, and are the own-
ers thereof.   It is further averred in paragraph 3 in the
respondent's second defense, by way of counterclaim, that
under and by virtue of a sheriff's certificate of sale,
dated and delivered to defendants, John Campbell and
Mary Campbell, on or about the 29th day of August,
1896, and of a sheriff's deed thereafter executed and de-
livered to said defendants, on or about September 13,
1897, which deed is recorded in the office of the auditor
of Chehalis county, Washington, in Book 52 of records
of deeds, on page 271, these defendants, John Campbell
and Mary Campbell, became the assignees and entitled
to all the rights of said John A. Ray to said land herein
mentioned, including the right to purchase the same and
receive a good and lawful deed therefor, upon the pay-
ment of certain sums provided to be paid by the terms
of said contract.   The answer also alleges in effect, a
tender by defendants to plaintiff, Brummett, of the
amounts due upon the contract between Ray and Koontz
at the times when the same were payable; that they paid
all unpaid taxes found due on the premises in question
in accordance with the terms of said contract, and that
they have at all times been ready and willing to do and
perform all things required of them by the terms of said

contract; that after the delivery of the state's deed to plaintiff, and before the commencement of this action, the defendants tendered and offered to pay to plaintiff the full amount due according to the provisions of the contract between Koontz and Ray, and demanded a deed to the lands and premises described in said contract, but plaintiff refused to comply with said demand, or to receive any of the money so tendered, and that defendants are still ready and willing to pay all of said sums, and herewith bring in, tender, and deposit in court the sum of $90.52 for plaintiff, or subject to the further order of the court, being the full amount due on said contract to plaintiff. And the defendants Campbell prayed that the plaintiff be ordered and adjudged to convey to them, by a good and sufficient deed, the lands described in the complaint, and for costs. A demurrer was interposed by plaintiff to the affirmative defenses on the alleged ground that neither of them stated facts sufficient to constitute a defense, which demurrer the court overruled. After all the evidence had been introduced, the court directed the jury to return a verdict for the defendants, which was accordingly done, and the court thereupon rendered judgment in accordance with the prayer of the defendants' affirmative answer.

It is claimed by the learned counsel for appellant that the court erred in overruling the demurrer to respondents' so-called counterclaim, for the reason that there is no direct averment therein that respondents ever succeeded to the rights of Ray, or that Ray had any rights at the time alleged. And it is argued that the statement in paragraph 3, above mentioned, that by virtue of a sheriff's certificate and deed, etc., the defendants became the assignees and entitled to all the rights of said Ray to said

lands herein mentioned is a mere conclusion of law, and not an averment of an issuable fact. It is a general rule that conclusions of law should not be pleaded, and that only the facts constituting the cause of action or the grounds of defense should be stated by the pleader. Neither is it proper, under the settled rules of law, to plead probative facts, or, in other words, the evidence by which essential facts may be established. But if a fact be stated, and also the reason for its existence, the allegation of fact will not be affected by such additional and useless statement. Under our practice immaterial or redundant matter in a pleading may be stricken out on motion of the opposite party. · While the answer in this case might have been made more concise and explicit than it is, we are of the opinion that it states sufficient facts to entitle the respondents to equitable relief, especially when considered, as it ought to be, as a whole. And our conclusion is that the court did not err in overruling appellant's demurrer.

It is next insisted that the court erred in directing a verdict against appellant, for the reason, as stated in appellant's brief, that "the case made shows title in plaintiff, and also possession without right in defendants. This entitled plaintiff to recover." It is true that the legal title was shown to be in appellant. In fact, that was admitted in the respondents' answer. But it does not necessarily follow that the respondents were not rightfully in possession, or that appellant was entitled to recover. The vital question in the case as made was whether the respondents were entitled to the equitable relief demanded in their answer, and attempted to be established by the proofs; and that was a question for the consideration of the court, and not the jury; and the court having, in our judgment, determined it correctly, appellant was not

prejudiced by the directed verdict. It must be borne in mind that the act of the legislature of 1890, relating to the leasing and sale of school lands, and by virtue of which appellant obtained his title, provided, in effect, that the purchaser of such lands should, before receiving a deed, pay to the lessee and owner of any improvements thereon the value of such improvements, as determined by the board of appraisers. And the object of the contract of March 14, 1891, between Ray and appellant's assignor, Koontz, was to enable the latter (and his assigns) to obtain title to all the land embraced in the state's contract without paying for the improvements on that portion thereof which appellant seeks to obtain possession of by this action, and to secure a conveyance of the same to the former, and thereby vest him with complete ownership of both the land and the improvements thereon. The appellant was fully aware of the obligation of Koontz under this contract to convey this land to Ray on payment of the stipulated price thereof, at the time he became the assignee of the contract between Koontz and the state. In fact, he not only recognized the existence and legality of this agreement with Ray, but actually received from Ray the payments due thereunder up to at least the latter part of the year 1894, if not still later. It is claimed, however, by appellant, that the contract with Ray was mutually abandoned in 1894, and that Ray thereafter held the premises as a mere tenant of appellant; and testimony to that effect was given by both appellant and Ray. But their testimony in that regard is so unreasonable and unsatisfactory that the trial court was justified in considering it entitled to but little, if any, weight or credit, in view of other facts and circumstances in evidence. And, moreover, the rights of

the respondents had attached before the time when this agreement between appellant and Ray is alleged to have been made, and it can hardly be seriously contended that their rights, whatever they were, could be abrogated by any such secret arrangement. Neither can Mr. Ray or the appellant be heard to say that he or they thus forfeited and destroyed the rights of the respondents. No one will be allowed to come into a court of equity and attempt to take advantage of his own wrong, or to profit by his own fraud. The respondents are now in lawful possession of the premises from which appellant seeks to oust them; and are, by purchase at a judicial sale, evidenced by the sheriff's deed, the owners of the improvements thereon, and of all the right, title, and interest of Ray therein or thereto. They have offered to pay to appellant the balance due him in accordance with the contract with Ray, and which he assumed and recognized until he deemed it to be to his advantage to repudiate and disregard it entirely. They are still willing to make such payment, and appellant refuses, and has at all times refused, to receive it, or to comply with their demand for a deed. He does not claim, or even pretend, that he has paid respondents for their improvements; and the fact that the improvements have not been paid for is alone sufficient to defeat this action. This court has repeatedly held that one lawfully in possession of school lands, and having improvements thereon, has a right, as against a subsequent purchaser, to retain possession until paid therefor. *Wilkes v. Hunt,* 4 Wash. 100 (29 Pac. 830); *Pearson v. Ashley,* 5 Wash. 169 (31 Pac. 410); *Wilkes v. Davies,* 8 Wash. 113 (35 Pac. 611, 23 L. R. A. 103). See, also, *Hart Lumber Co. v. Rucker,* 15 Wash. 456 (46 Pac. 728).

In this instance, however, the respondents do not desire

merely to prevent a recovery by appellant. They ask affirmative relief as well, and we think they are equitably entitled to all the relief demanded and granted by the superior court. Objections are made to certain rulings of the court in the admission of evidence, both oral and documentary, but, inasmuch as that which was not strictly legitimate was, under the circumstances, absolutely harmless, the appellant was in no wise prejudiced thereby.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT and DUNBAR, JJ., concur.