TEXAS OIL CO. v. VEITH

---

(July 7, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Prescription—Par. 96, 108; Taxation—Par. —.

Where plaintiff sues for money expended in error in paying the taxes owed by defendant his action is a personal one and not within the inhibition of Art. 233 of the Constitution of 1898, notwithstanding the fact that the taxes were paid without the knowledge or consent of defendant.

Appeal from Civil District Court. Div. "E." Hon. William H. Byrnes Judge.

Action by the Texas Oil Company against Philip G. Veith.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dufour, Goldberg and Kammer, of New Orleans, attorneys for plaintiff, appellee.

W. W. Wall, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit for the recovery of $1200, paid in error, which enured to the benefit of defendant.

Defendant reconvenes, claiming $800 as a commission. Both the original and reconventional demands were allowed by the trial court and by answer to the appeal. Both parties complain of the judgment.

Plaintiff's demand results from the payment of taxes on property belonging to defendant. It appears that defendant acquired the property known as the "Irma Warehouse," which stood in defendant's name, and in attempting to pay the city taxes on that property paid all taxes owed by defendant on property assessed in his name, or $1200 more than it should have paid.

Defendant resists the plaintiff's claim upon the ground that there is no personal liability for taxes, citing Art. 233 of the Constitution of 1898 (then in force), State of La. vs. Hamilton, 42 La. Ann. 1203, 8 So. 304; Meyer & Co. vs. Parker, 41 La. Ann. 441, 6 So. 679.

In Journee vs. Bluck, 7 Orl. App. 417, it was held that—

"A petition reciting that tax was paid by plaintiff for defendant, at the latter's request on the latter's property and praying for a personal judgment for the amount so paid discloses a cause of action."

It was also held that such demand could not "be looked upon as the enforcement of a tax by suit within the inhibition of Art. 233 of the Constitution."

In Sandidge vs. Hunt, 40 La. Ann. 766, 5 So. 55, the Supreme Court said:

"This is a suit for reimbursement of money expended in disencumbering the property of taxes, and not one for the collection of taxes themselves. When payment was made they became extinguished and ceased to be. Hence, this is in the nature of a personal action and governed by the prescription of ten years."

It is true that in the Journee case the taxes were paid by consent of the defendant and that in the Sandige case the property on which Sandige paid the taxes had been sold by Hunt to Sandige and encumbered the title, which Hunt had warranted. But we see no difference in principle. Both suits were for taxes paid under the circumstances prevailing. In both cases and in this case, as stated in the Sandige case the taxes had ceased to be and the action was a personal one.

In Baudry-Lacontinerie, Vol. 12, p. 740, No. 1399(b), we find: "If the third party without interest has paid in his own name, he may on principle act against the debtor by the action known as 'de in rem verso' for we must not suppose that there has been donation on the part of the third party. This action has its source in the principle of equity that no one must enrich himself at the expense of another," and in a footnote we read: "This principle has such commanding character that it must be applied even when the payment has taken place against the will of the debtor and in spite of his protestations," citing "2nd

Moulon No. 1320; Colmet de Santerre No. 176; 17 Laurent No. 488; 8 Huc., p. 18 No. 9; 4 Morcade No. 675, 27 Dem'l No. 80-81." R. C. C. 2134, C. N. 2136.

Our conclusion is that plaintiff is entitled to recover on the main demand.

The reconventional demand is based upon a commission alleged to be due plaintiff as a real estate agent in connection with the sale of the same property, "Irma Warehouse."

Without quoting the letters exchanged, upon which this claim rests, or going into details, we are satisfied that the trial court was correct in allowing it.

For the reasons assigned, the judgment appealed from is affirmed.