CENTRAL WISCONSIN TRUST COMPANY, Appellant, vs. SWENSON and another, Respondents.

*April 28—September 15, 1936.*

For the appellant there was a brief by *Bagley, Spohn, Ross & Stevens,* and oral argument by *Arthur A. Blied,* all of Madison.

For the respondent Mary Smith Swenson there was a brief by *La Follette, Rogers & Roberts,* and oral argument by *W. Wade Boardman,* all of Madison.

For the respondent Home Owners' Loan Corporation there was a brief by *Jerome Fox,* attorney, and *Clinton P. Flick* of counsel, both of Milwaukee, and oral argument by *Mr. Flick.*

The following opinion was filed June 2, 1936:

FOWLER, J. The case is before the court on an appeal from an order sustaining demurrers to the complaint by defendants Swenson and Home Owners' Loan Corporation on the ground of insufficiency of facts. The complaint alleges that the plaintiff took a mortgage on premises owned by the defendant Swenson to secure notes aggregating $22,000. The notes are all assigned to divers persons for whom the plaintiff as trustee for their benefit holds the notes, and is under obligation to protect the security for their payment, and is authorized to commence actions to that end. The defendant Swenson has empowered the plaintiff to collect all

the income from the mortgaged premises and apply it in payment of taxes, insurance, interest, and principal. The mortgaged premises will be referred to herein as "Tract A." The defendant Swenson also owns another tract of land referred to herein as "Tract B," in which neither the plaintiff nor its assignees have any interest whatsoever. The plaintiff had funds in its hands collected as income from Tract A. Taxes on Tract A were delinquent. In order to protect the security of said notes, the plaintiff essayed to pay said delinquent taxes, but through mistake paid to the county treasurer of the defendant Dane county delinquent taxes on Tract B instead. The defendant Home Owners' Loan Corporation holds a mortgage on Tract B. On discovery of its mistake the plaintiff endeavored to correct it, and requested the defendants to transfer the payment of delinquent taxes made upon Tract B to Tract A, which the defendants refused to do. On these facts the plaintiff prays that it be adjudged a lien on Tract B equivalent to the lien of the holder of a tax sale certificate issued on sale of the tract for said delinquent taxes, on the ground that the money paid by the plaintiff has operated to the benefit and unjust enrichment of the defendants.

The action is of the nature of the action "for money had and received." It is true that a landowner is not personally liable for the taxes imposed upon his land. But it is manifest that, if the defendant landowner elects to keep Tract B, she has received a benefit from the payment of the tax thereon which will result in her unjust enrichment. It is also manifest that, if she elects not to keep the land, the defendant mortgagee corporation has received the benefit of such payment, and that such payment will result in its unjust enrichment. It would seem that, upon the general principles of the law of "Restitution and Unjust Enrichment," the plaintiff should have such remedy as will effect its protection.

The appellant in its brief cites no adjudicated cases to the precise point that such action lies under the situation stated,

but relies wholly on general principles. The respondents cite several cases to the point that under the situation the plaintiff is without remedy. However, we cannot accept the rule of these cases. It is contrary to our ideas of justice and equity, and we find ample supporting authority for the action in the adjudicated cases. The case in our opinion clearly falls within section 38 (1) of the American Law Institute's "Restatement of Restitution and Unjust Enrichment" (Tent. Draft No. 1), which reads:

"§ 38. *Performance of another's duty or discharge of lien against another's property.* (1) A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, doing so unintentionally or acting because of an erroneous belief induced by a mistake of fact that he is thereby discharging a duty of his own or releasing property of his own from a lien, is entitled to restitution from such other of the value of the benefit conferred up to the value of what is given, unless the other disclaims the transaction."

By paying the tax on Tract B the plaintiff "released another's property from an adverse interest," and did so "acting because of an erroneous belief induced by a mistake of fact" that it was "discharging a duty of its own," and is therefore "entitled to restitution" from the defendants of "the benefit conferred up to the value of what is given," unless the defendants "disclaim the transaction." The defendant landowner, while not personally liable for the payment of the tax on Tract B, is to be presumed to have wished and intended to pay it to protect the land from sale and the issuance of a tax deed thereon. Unless she disclaims such wish and intention the plaintiff is entitled as against her under the rule stated to refund of the tax paid with interest thereon. And, if the landowner does disclaim, then the plaintiff will be entitled under that rule as against the mortgagee to refund of the tax, the payment of which has redounded to its benefit and unjust

enrichment, unless it disclaims the transaction. Disclaimer cannot be presumed. It can only be made by answer. It is conceivable that the defendant landowner will disclaim, but it is not conceivable that the defendant mortgagee will if the landowner does. To do so it would have to abandon all rights under its mortgage. It would seem that the payment of a subsequent tax, in case the landowner did not pay it, would preclude the mortgagee from disclaiming. Likewise, it would seem that a payment of a subsequent tax by the landowner would preclude a disclaimer on her part. That the situation is within the contemplation of the rule appears from the illustration under rule 38, page 146 :

"7. A receives from the collector of taxes a notification of taxes due, describing Lot X which is owned by B. Believing that it describes Lot Y owned by him, A pays the tax. A is entitled to restitution from B."

Of the cases cited in the Restatement as supporting rule 38 (p. 277, Tent. Draft No. 1), many involve the payment of taxes on land through mistake of one kind or another. In some, recovery from the landowner was allowed; in others, a lien on the land was given. *Baranowski v. Wetzel,* 174 App. Div. 507, 161 N. Y. Supp. 153, holds that one paying the tax on land of another, through mistake of a tax clerk, is subrogated to the lien of the tax so paid upon the land. *Texas Oil Co. v. Veith,* 8 La. App. 742, allowed recovery from the landowner of a payment of a tax on his land erroneously assessed with the land owned by the payer of the tax so included. The owner of the half of a lot, the whole of which was assessed to him, was allowed recovery from the owner of the other half in *Murphy v. Jones,* 4 Sad. (Pa.) 52, 57, 6 Atl. 726. A life tenant who through mistake of law paid an inheritance tax erroneously charged against her was subrogated to the rights of the state to a lien for the amount so paid in *Wilcox's Estate* (Sur.) 118 N. Y. Supp. 254.

One in good faith believing himself to be the owner of land, who paid the tax thereon, was held entitled to recover from the true owner in *Kemp v. Cossart,* 47 Ark. 62, 14 S. W. 465; *Govern v. Russ,* 125 Iowa, 188, 100 N. W. 325; and *Goodnow v. Moulton,* 51 Iowa, 555, 2 N. W. 395; and one in like situation was held to be entitled to recover from the owner the excess of special assessments over rental value in *Grosch v. Kessler,* 256 N. Y. 477, 177 N. E. 10. In similar situations liens were adjudged in *Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367; *Dunsmuir v. Port Angeles Gas, Water, Electric Light & Power Co.* 30 Wash. 586, 71 Pac. 9; *Union R. & Transit Co. v. Skinner,* 9 Mo. App. 189; *McDonald v. Doyschen,* 28 S. W. (2d) 243; *Clark v. Knox,* 32 Colo. 342, 76 Pac. 372. A mortgagee of a forged mortgage who in good faith paid taxes on the mortgaged property has an equitable lien against the property for the taxes so paid, *Union Cent. L. Ins. Co. v. Chesterley,* 100 Wash. 260, 170 Pac. 558; *Utah State Bldg. & Loan Asso. v. Perkins,* 53 Utah, 474, 173 Pac. 950; and a mortgagee, who in good faith paid taxes to protect his lien, was held to be subrogated to the county's lien for the taxes so paid as against a subsequent mortgagee whose mortgage was held superior to the lien of the payer's mortgage in *Dunsmuir v. Port Angeles Gas, Water, Electric Light & Power Co.* 30 Wash. 586, 71 Pac. 9.

It is to be noted that in some of the cases above briefly stated the payer of the taxes was held to be "subrogated" to the state's or county's lien, contrary to the holding in some cases that one who pays taxes on land of another through mistake is a volunteer as distinguished from one who pays to protect his own interest. To us it seems that one paying taxes on land in mistaken belief of ownership, or in mistaken belief that he is paying them on his own land when he is in fact paying them on the land of another, or paying them on land on which he has no lien under the mistaken belief that he is paying the tax on land on which he has a lien, is not a

volunteer in such sense as to bar him from relief under the equitable doctrine of subrogation. It is true that he voluntarily makes the payment, but he does not voluntarily pay it for another, or for another's protection. He pays it for the purpose of protecting his own rights. The voluntary feature of his act is limited to the supposed benefiting of himself and does not extend to the benefiting of others.

It is contended that, as the plaintiff paid the tax with funds of the defendant landowner, and not with funds of its own, it is not entitled to have the fund restored to it. If this were all of the case, the point would doubtless be well taken. But the plaintiff paid out funds which it was obligated to use for the benefit of the holders of the notes through reduction of the mortgage debt or the protection of the mortgage security through payment of taxes or insurance. It must now pay with its own funds for the benefit of the holders of the notes the sum which it was obligated to use for their benefit, and is in the same position that it would be had it in the first instance used its own funds for the benefit and unjust enrichment of the defendants. We do not perceive that the fact that the funds used were derived from the mortgaged tract affects the equitable rights of the plaintiff. These funds had been in effect assigned by the defendant landowner to the plaintiff to be used for the benefit of the mortgage noteholders. The landowner's rights in them were limited to having them so devoted. They were by mistake devoted not at all to their benefit, but wholly to a benefit of the defendants entirely distinct from any benefit the landowner would have received had they been applied to payment of the tax on Tract A.

We are of opinion that the complaint shows that the plaintiff is entitled by subrogation to the lien given by sec. 74.01, Stats., and to have the amount of the tax paid by it upon Tract B adjudged to be a lien upon that tract. This lien should not carry interest at the rate carried by the tax sale

certificates, but should carry interest from the date of payment at the legal rate of six per cent per annum carried by past-due debts when another rate is not provided for by express contract or special statute.

*By the Court.*—The order of the circuit court is reversed, with directions to enter an order overruling the demurrers.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.