FEDERAL LAND BANK OF LOUISVILLE *v.* DORMAN.

[No. 16,848. Filed May 8, 1942. Rehearing denied June 17, 1942. Transfer denied September 21, 1942.]

*Wm. C. Goodwyn, J. F. Williamson,* and *John S. Grimes,* all of Louisville, Kentucky, and *Joseph E. Brown,* of Crown Point, for appellant.

*Gavit & Richardson,* of Gary, for appellee.

FLANAGAN, J.—This is an action instituted by the appellant to recover from the appellee for certain taxes due on lands owned by appellee and paid by mistake by the appellant, and for subrogation to the lien of the State for such taxes.

The cause was tried to the court and resulted in judgment for apellee. Appellant filed its motion for a new trial on the ground that the decision of the court

is contrary to law. The motion was overruled and that action of the trial court is the sole error assigned here.

The facts were stipulated as follows:

"The parties hereto stipulate and agree that the facts involved in this case are those substantially as set up in the complaint and the answer of the defendant thereto and specifically that the defendant is the owner of the tract and parcel of real estate as described in the complaint and upon which the plaintiff paid taxes in the amount of $170.82, which payment was made through the plaintiff's error in making payment upon other lands in which the plaintiff had an interest; that as to the particular tract of land owned by the defendant the plaintiff had no interest therein to protect and that the payment was made without any knowledge or notice or consent in any way on the part of the defendant nor has there ever been any request made prior thereto by the defendant for the payment of the same nor any promise made subsequent thereto by the defendant to reimburse the plaintiff on account of the payment so made; that at the time of the making of the payment the defendant had no knowledge thereof or was there act or inducement on the part of the defendant, direct or indirect, whereby any error was committed by the plaintiff in making such payment.

"That the present suit is one to recover taxes actually paid by the plaintiff against the lands of the defendant and in the amount set forth in the complaint and for the years as shown by the tax receipts exhibited to the complaint and that the parcel of real estate owned by the defendant appears as a separate tract and parcel of real estate and bears a separate and distinct assessment and tax and was not included within any parcel of real estate in which the plaintiff had ever had an interest by way of mortgage or otherwise; that plaintiff made the payment pursuant to an inquiry as to the amount of taxes due from the Treasurer of Lake County, Indiana, although the statement or information actually given by the Treasurer is not made to appear in this action nor is there shown

the specific tracts of land upon which the plaintiff requested information as to the amount due from the treasurer."

The above facts bring this case directly within the rule laid down by our Supreme Court in the cases of *Carr* v. *Stewart* (1877), 58 Ind. 581, and *McWhinney* v. *City of Logansport* (1892), 132 Ind. 9, 31 N. E. 449, that a volunteer who in error pays the taxes of another cannot recover. The case of *Central Wisconsin Trust Co.* v. *Swenson* (1936), 222 Wis. 331, 267 N. W. 307, cited and relied upon by appellant is not in line with the settled law of this State.

The decision of the trial court was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 661.