**ANTHONY CORRADO, INC.**

v.

**MENARD & CO. BUILDING CONTRACTORS et al.**

**No. 90–403–Appeal.**

Supreme Court of Rhode Island.

May 2, 1991.

Lynda L. Laing, Strauss, Factor, Hillman & Lopes, Providence, for plaintiff.

C. Russell Bengtson, Shannon Gilheeney, Carroll, Kelly & Murphy, Robert S. Bruzzi, Providence, for defendants.

OPINION

PER CURIAM.

On April 12, 1991, the plaintiff, Anthony Corrado, Inc. (Corrado), by its counsel, appeared before this court to show cause why its appeal should not be summarily denied and dismissed.

The record indicates that Hart Engineering Company (Hart) was the general contractor for the construction of the Fields Point Waste Water Treatment Facility. Hart posted the requisite bond for the project, and Seaboard Surety Company (Seaboard) wrote the bond. Hart subcontracted with Menard & Co. Building Contractors (Menard) to do the masonry work. Menard purchased certain building materials for the project from Corrado, who supplied the materials but was never paid by either Menard or Hart.

Consequently, on December 8, 1986, Corrado filed a complaint in the Superior Court against Hart, Seaboard, and Menard. Corrado brought a motion for summary judgment against Menard, which was granted. The trial justice found Menard liable to Corrado for $6,871.82 plus interest and costs.

Hart and Seaboard instituted summary-judgment proceedings against Corrado. Their motions were granted by the trial justice, who found that no cause of action was in existence against Hart because Menard, not Hart, had ordered the materials.

Corrado argues that under quasi-contract, he had a cause of action against Hart and Seaboard for unjust enrichment.

In *R & B Electric Co. v. Amco Const. Co.*, 471 A.2d 1351, 1355–56 (R.I.1984), this court emphasized that in order to recover under quasi-contract for unjust enrichment, a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defen-

dant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.

As this court has said on so many occasions, in reviewing the grant of a motion for summary judgment, a trial justice must determine, after an examination of the pleadings, affidavits, admissions, and answers to interrogatories, viewed in the light most favorable to the opposing party, whether there is a genuine issue regarding any material fact that must be resolved. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987).

In his affidavit Frank Rampone, president of Hart, avers that from time to time Menard would submit an application for payment to Hart and that periodic payments were made to Menard. He further averred that Hart had no contractual relationship with Corrado and that it was Menard's obligation to pay Corrado from the periodic payments made to it. Hart never agreed to pay Corrado directly.

It is obvious from the record that there is no genuine issue regarding any material fact that must be resolved. Hart stated that Menard would submit applications for payment, and periodic payments were made to Menard. No conflicting evidence was introduced to establish that Menard was not paid in full by Hart. Moreover there was no evidence before the motion justice that would establish that Hart received any unjust enrichment from Corrado's building materials since Hart made periodic payments to Menard, who was responsible for paying Corrado from these payments.

Accordingly the plaintiff's appeal is denied and dismissed.