DECISION
This matter was tried to the Court without a jury on August 28, 2003. Plaintiff, King Richard's Subaru, Inc., filed a two count complaint against the Defendant, Michael J. Kennedy. Count I alleges that the Defendant rescinded a contract for the purchase of a used motor vehicle, and as a result thereof, owes Plaintiff certain sums required to place the parties in the position they were in prior to the rescission. Count II, relying on the same facts, alleges that the Defendant has been unjustly enriched, and demands payment under that theory as well.
The Court heard the testimony of two witnesses, Michael J. Kennedy, the Defendant, and Richard J. Palumbo, the owner and operator of the Plaintiff corporation, and also an officer thereof. The Court also has reviewed Exhibits 1 through 10, introduced by the Plaintiff at the trial. The following shall constitute the Court's findings of fact and conclusions of law under Super. R. Civ. P. 52(a).
 I. FINDINGS OF FACT
1. On May 13, 2002, Defendant agreed to buy, and Plaintiff agreed to sell, a 2002 Isuzu Rodeo. (Plaintiff's Exhibit 3.)
2. As part of the purchase, Defendant agreed to trade in his 1996 Honda Accord.
3. That the Accord was encumbered with a prior lien in favor of Greenwood Credit Union (Greenwood) in the amount of $12,074.14. The trade-in value of the Accord was $6,000.00.
4. That it was agreed that Plaintiff would accept the Honda in trade and pay off the Greenwood lien.
5. Defendant had applied for and received conditional approval of a new loan to finance the purchase of the Isuzu from Condor Capital Corp. ("Condor") on May 14, 2002. (Plaintiff's Exhibit 7.) That approval was conditioned upon verification of Defendant's employment and income.
6. That Defendant took delivery of the new Isuzu, and tendered to Plaintiff the 1996 Honda Accord, on May 14, 2002.
7. Plaintiff paid off the lien to Greenwood Credit Union in the amount of $12,074.14, as represented by Plaintiff's Exhibit 6, on or about May 20, 2002.
8. A short time after the delivery of the Isuzu and pay off of the lien on the Honda, Plaintiff notified the Defendant that Condor had revoked its conditional credit approval due to inability to verify Defendant's employment.
9. Thereafter, Plaintiff requested that the Isuzu be returned to the Plaintiff and Defendant was advised that Plaintiff would return the Honda Accord to the Defendant upon Defendant's reimbursing Plaintiff the amount the Plaintiff had paid to Greenwood. Alternatively, Plaintiff would reinstate the Greenwood loan and return the Honda to Defendant.
10. Defendant returned the Isuzu to the Plaintiff, but refused to accept the return of the Honda Accord, with reinstatement of the Greenwood loan, or pay to the Plaintiff the amount the Plaintiff expended to satisfy the lien of Greenwood.
11. Thereafter, Plaintiff filed suit to recover from Defendant the difference between the amount that it paid to Greenwood, less the trade-in value of the Honda Accord, which the Plaintiff testified was $6,000.00.
12. The actual amount that the Plaintiff realized in selling the Honda Accord was $6,995.00. Plaintiff paid Star Auto Body $400.00 to repair damage to the Honda Accord, which damage occurred while that vehicle was at Plaintiff's premises.
 II. CONCLUSIONS OF LAW
Based upon the above factual findings, this Court must determine if these facts make out a claim either for rescission, or unjust enrichment, or both.
A. Rescission.
Rescission is not merely a termination of a contractual obligation, but rather "abrogation" or "undoing it from the beginning." Dooley v.Stillson, 46 R.I. 332, 335 (1925). Unlike abandonment of a contract, which may be unilateral, a claim for rescission must show mutuality, either expressed or implied. Id. An attempted restoration of the statusquo is an essential part of rescission. Id.
In this instance, when Plaintiff requested return of the Isuzu, the Defendant willingly complied with the request. In addition, the Plaintiff clearly offered to accept an arrangement whereby the parties would be returned to the status quo that existed before the transaction, i.e. that Defendant would return the Isuzu, that Plaintiff would in turn return the Honda to the Defendant and reinstate the Greenwood loan, or return the Honda subject to Defendant reimbursing Plaintiff for the amount paid to Greenwood.
Although the Defendant performed in part (he returned the Isuzu), he refused to accept the return of the Honda or reimburse the Plaintiff for the amount Plaintiff expended to clear the lien on the Honda. Rather, he was content to have had the Plaintiff pay off his loan to Greenwood and keep the Honda, since the loan balance far exceeded the value of the Honda. But the Defendant can't have it both ways. Once he agreed to cancel the contract for the sale of the Isuzu, which he manifest by voluntarily returning the Isuzu to the Plaintiff dealer, he became obligated to return the Plaintiff to the financial status it was in prior to the transaction.
Although the Defendant testified that he was unwilling to accept the return of the Honda, ostensibly because of some minor damage that occurred to the vehicle after it was given over to the Plaintiff dealer, that did not excuse his refusal to make the dealer whole. The cost of any damage to the vehicle caused by the Plaintiff could be adjusted as part of the effort to place each party back in the position they were in prior to the transaction.
Because this Court finds that mutuality was implied in the decision of the Defendant to return the Isuzu to the Plaintiff dealer, this Court concludes that Plaintiff has properly made out a claim for rescission.
B. Unjust Enrichment.
In order to recover for unjust enrichment, a plaintiff is required to prove three elements: 1) a benefit must be conferred upon the defendant by the plaintiff, 2) there must be an appreciation by the defendant of such benefit, and 3) an acceptance of the benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof. Anthony Corrado, Inc. v. Menard Co.Building Contractors, 589 A.2d 1201, 1201-02 (R.I. 1991).
This Court finds that the Plaintiff has made out a claim for unjust enrichment. The Plaintiff, having paid in full the Defendant's loan to Greenwood, has certainly conferred a benefit on the Defendant which the Defendant has appreciated. The equities clearly favor the Plaintiff being made whole in this transaction, rather than the Defendant obtaining a windfall. Defendant's testimony suggests that the Plaintiff focuses its advertising on poor credit-rated individuals, and allowed the new vehicle to leave the premises prior to verification that the loan from Condor had been finally and unconditionally accepted. While perhaps it would have been wiser for the Plaintiff to have awaited final credit approval before releasing the new vehicle to the Defendant, this Court cannot find that under the circumstances the Plaintiff should be punished, and the Defendant rewarded, by the Plaintiff's allegedly unsound business practices. Even a person who has conferred a benefit on another by mistake or his own negligence should not be precluded from recovery in an action for restitution. See Toupin v. Laverdiere, 729 A.2d 1286, 1288-89 (R.I. 1999). Neither does this Court find persuasive the Defendant's argument that Plaintiff's marketing tactics should enter into the equity balance. Accordingly, this Court finds that Plaintiff has also stated and proved a valid claim for unjust enrichment, and is entitled to be made whole through the remedy of restitution.
C. Relief.
It is undisputed that Plaintiff paid $12,074.14 to Greenwood Credit Union. It is also undisputed that the Plaintiff sold the Honda Accord for $6,995.00, after paying $400.00 to Star Auto Body for damage to the vehicle. Defendant testified that the damage to the vehicle occurred on the Plaintiff's lot, and that the damage did not exist at the time he turned the Honda over to Plaintiff. Defendant testified that an agent of the Plaintiff told him that the damage was done when an employee of the Plaintiff backed into the vehicle. Mr. Palumbo testified that he was unaware of any damage to the vehicle or how it occurred.
The Plaintiff argues that the amount of the judgment in this case should be the amount paid to Greenwood, less the trade-in value of the vehicle, which he testified was $6,000.00. The Court disagrees.
It is undisputed that Plaintiff sold the Honda Accord for $6,995.00. Since Plaintiff was unable to rebut the Defendant's testimony that the vehicle was damaged by the act of Plaintiff's agent, Plaintiff should not be entitled to deduct the cost of the repair from the amount of credit afforded the Defendant in the calculation of restitution.
Accordingly, the Court finds that the Plaintiff should be entitled to recover the amount paid to Greenwood, less $6,995.00, the amount Plaintiff actually was paid for the sale of the Honda. Judgment shall enter for the Plaintiff in the amount of $5,079.14, together with interest at the statutory rate from May 20, 2002 to the date of Judgment, and costs. Although in its post trial memo and at the close of trial, Plaintiff requested attorneys fees be added to the judgment under R.I.G.L. § 9-1-45, no such prayer for relief was included in the Complaint. Even if such a claim for statutory attorney's fees were properly pleaded, the Court would have to find "a complete absence of a justiciable issue of either law or fact raised by the losing party." Although this Court does observe that the Defendant's theories of defense were somewhat novel, Defendant did attempt to convince the Court that certain equitable defenses should be found in Defendant's favor based upon the actions of the Plaintiff dealer. In addition, the Court has determined that the amount of loss to the Plaintiff is less than that which was prayed for in the Complaint. Under such circumstances, this Court cannot find that the defense was so lacking in merit as to justify an award of attorneys fees under R.I.G.L. § 9-1-45.
Judgment shall enter in accordance with this decision.