Clara FARR, Plaintiff-Appellant,

MEDICARE PART A, Medicare Part B, and Connecticut General Life Insurance Company, Subrogated-Plaintiffs,

v.

ALTERNATIVE LIVING SERVICES, INC. n/k/a Alterra Healthcare and Atlantic Mutual Insurance Company, Defendants-Respondents.†

Court of Appeals

*No. 01–0971. Submitted on briefs November 8, 2001.—Decided March 28, 2002.*

2002 WI App 88

(Also reported in 643 N.W.2d 841.)

† Petition to review denied 7-26-02.

792

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Matthew H. Boller* of *Murphy, Vaughan, Boller & Pressentin, L.L.C.*, Monona.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Steven T. Caya* of *Fellows, Piper & Schmidt*, Milwaukee.

Before Vergeront, P.J., Deininger and Lundsten, JJ.

¶ 1. DEININGER, J. Clara Farr appeals an order which dismissed her second amended complaint against Alternative Living Services, Inc., and denied her motion to amend the complaint or "revert back" to an earlier one. Farr contends that we should reinstate her claims because: (1) her second amended complaint states a negligence cause of action; (2) the court erroneously exercised its discretion in failing to allow her to amend her complaint; (3) justice has miscarried and we should therefore reverse under WIS. STAT. § 752.35 (1999–2000);[1] and (4) WIS. STAT. ch. 50 provides a private cause of action for violations of Farr's rights as a resident of a community-based residential facility.

¶ 2. We conclude that Farr's second amended complaint states a cause of action for negligence, and thus we do not reach Farr's second and third claims. With regard to the fourth, we conclude that the legislature did not intend to provide residents of community-based residential facilities a private cause of action for statu-

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

tory or code violations. We therefore reverse and remand for further proceedings on Farr's negligence claim.

## BACKGROUND

¶ 3. Clara Farr, an 85–year-old woman suffering from dementia and other health problems, resided at Woven Hearts of Middleton, a community-based residential facility (CBRF).[2] Woven Hearts is a subsidiary of Alternative Living Services, Inc., a provider of care for individuals suffering from Alzheimer's disease. Farr eloped from the Woven Hearts facility, wearing only a thin nightgown, on a winter morning when the temperature was approximately twelve degrees. A passerby found her between 4:00 and 5:00 in the morning, walking away from the facility with her walker, barefoot on a frost-covered sidewalk. She was returned to the facility and subsequently admitted to a hospital, where she was treated for frostbite injuries to both feet.

¶ 4. Prior to Farr's elopement, the Department of Health and Family Services, Bureau of Quality Assurance, had investigated Woven Hearts in response to complaints of inadequate treatment. The investigation revealed that the facility had not complied with certain provisions of Wis. Admin. Code § HFS 83, and the bureau ordered the facility not to admit any additional residents until the department received plans of correction. Following Farr's elopement, the department again con-

---

[2] " 'Community-based residential facility' means a place where 5 or more adults who are not related to the operator or administrator and who do not require care above intermediate level nursing care reside and receive care, treatment or services that are above the level of room and board but that include no more than 3 hours of nursing care per week per resident." Wis. Stat. § 50.01(1g).

ducted an investigation that revealed the facility was still in noncompliance with the law. With regard to Farr's elopement, the department reported in its "Statement of Deficiencies" that the facility failed to report Farr's elopement as required; that the facility failed to meet Farr's treatment needs by waiting until two days after her elopement before seeking medical intervention for her injuries; that staff knew of her potential risk to elope from the facility; and that an exit door alarm was not functioning properly at the time of Farr's elopement thus failing to alert staff.

¶ 5. Farr commenced this action against Alternative Living asserting a claim of negligence and seeking compensatory and punitive damages. In her original complaint, Farr alleged that the facility was "negligent in regard to supervision, control and prevention of harm to a resident and administration of prompt and adequate treatment to [her]." Farr sought punitive damages based on the facility's alleged "intentional disregard of [her] rights." She first amended her complaint to correctly name the parties, and later moved to amend her complaint a second time. The court granted Farr leave to file a second amended complaint.

¶ 6. Unlike the first complaint, which plainly pled a negligence cause of action, the second amended complaint does not contain the word "negligence," but frames the cause of action largely in terms of alleged violations of Farr's rights under WIS. STAT. ch. 50 and WIS. ADMIN. CODE § HFS 83. Alternative Living moved for summary judgment, seeking dismissal of Farr's second amended complaint on the basis that it alleged only violations of Farr's statutory and administrative rights, for which a private cause of action does not lie. In response, Farr moved to again amend her complaint "in the interest of justice, to conform to the record

evidence." Alternatively, she requested that she be allowed "to revert back" to her previous complaint. She asserted that her second amended complaint incorporated all previous pleadings and that "the basis of the Complaint, as amended, lies in negligence." The court disagreed, denying Farr's motion and granting Alternative Living's motion for summary judgment on the grounds that the second amended complaint "does not allege negligence," and that the cause of action Farr pled was not permitted under Wisconsin law. Farr appeals.

## ANALYSIS

¶ 7. We review the granting or denial of summary judgment de novo, using the same methodology as the trial court. Wis. Stat. § 802.08; *State v. Dunn*, 213 Wis. 2d 363, 368, 570 N.W.2d 614 (Ct. App. 1997). That methodology is well established. We first examine the complaint to determine whether it states a claim. *Id*. In this case, our review need go no further because the sole basis of Alternative Living's motion for summary judgment is the alleged failure of Farr's second amended complaint to state a cognizable claim.

¶ 8. We thus begin by evaluating the legal sufficiency of the complaint, which presents a question of law for our de novo review. *Williams v. Security Sav. & Loan Ass'n*, 120 Wis. 2d 480, 482, 355 N.W.2d 370 (Ct. App. 1984). In determining whether a plaintiff has sufficiently stated a claim for relief, the facts pleaded by the plaintiff and all reasonable inferences arising from the factual allegations made by the plaintiff are accepted as true. *Prah v. Maretti*, 108 Wis. 2d 223, 229,

321 N.W.2d 182 (1982). A court must liberally construe the allegations, and a complaint "should be dismissed as legally insufficient only if 'it is quite clear that under no circumstances can the plaintiff recover.' " *Id.*

¶ 9. Farr contends that her second amended complaint states a cause of action for negligence because it alleges all of the elements necessary for a negligence claim. Alternative Living disagrees, contending that "[n]owhere in the second amended complaint does [Farr] allege any common law negligence claim . . . . [Farr]'s second amended complaint relies solely upon statutory claims predicated upon a violation of Wis. Stat. § 50.10 and/or Chapter 83 of the Wisconsin Administrative Code." Alternative Living argues further that, because Farr's second amended complaint does not incorporate by reference any part of the original complaint, the earlier complaint is "extinguished" by the later one. *See Holman v. Family Health Plan,* 227 Wis. 2d 478, 487, 596 N.W.2d 358 (1999) ("An amended complaint supplants the original complaint when the amended complaint makes no reference to the original complaint and incorporates by reference no part of the original complaint.").

¶ 10. We conclude that Farr's second amended complaint, liberally construed, states a claim for negligence. To maintain a cause of action for negligence, four elements must exist: "(1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Rockweit v. Senecal,* 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995) (citations omitted). Farr's second amended complaint alleges the following things:

797

8. . . . Farr . . . was accepted and admitted by . . . Alternative Living . . . as a resident pursuant to a written contract. . . . *[Alternative Living] promised to provide . . . Farr with such care as her condition reasonably required.* At that time . . . Farr was suffering from a primary diagnosis of dementia secondary to cerebral vascular disease, all of which were well-known to [Alternative Living].

9. As a result of accepting . . . Farr as a community based residential facility resident, Woven Hearts was under a statutory duty to provide . . . Farr with certain rights and liberties pursuant to Chapter 50, Wis. Statutes, and Wisconsin Administrative Code, Chapter HFS 83 . . . .

10. . . . Farr's statutory rights . . . were violated. The actions of Woven Hearts in violation of . . . Farr's rights included, but are not limited to the following:

 a. *Failing to properly monitor* Clara Farr and allowing her to elope from the facility;

 b. *Failing to properly and/or timely contact* Clara Farr's *responsible party and physician to report significant changes* in Clara Farr's physical condition;

 c. *Failing to properly* chart and/or otherwise *document Clara Farr's injuries;*

 d. *Failing to have adequate staffing to provide Ms. Farr with an appropriate level of care and monitoring;*

 e. Failing to notify Ms. Farr, her family and Power of Attorney of the inadequate, untrained staffing deficiencies.

 f. *Failing to perform proper hygiene procedures,* including but not limited to, failing to timely change Clara Farr's diapers, failing to bathe

Clara Farr and allowing her to lie for extended periods of time in soiled diapers and/or excrement;

g. *Failing to dispense and properly order pain medications* to Clara Farr;

h. *Failing to treat Clara Farr physically and mentally* by physically and mentally abusing and neglecting her;

i. *Failing to properly hire and train staff* in accordance with the minimum requirements established by the State of Wisconsin;

j. *Failing to transfer* Ms. Farr from the community based residential facility *when the facility could no longer adequately meet the needs of Clara Farr.*

11. *As a direct and proximate result* of Woven Heart[']s violations of . . . Farr's statutory rights and liberties, *she has suffered serious physical injuries and permanent disabilities, physical pain and mental and emotional anguish. She has incurred expenses for medical care and other care.*

(Emphasis added.)

¶ 11. As the emphasized phrases demonstrate, the complaint alleges that Alternative Living undertook the duty to provide adequate care to Farr, which it failed to do in various ways, and that, as a result of these failures, Farr suffered physical and emotional injuries. The complaint includes all of the essential elements of a negligence claim, and we thus conclude it sufficiently states a cause of action in negligence, despite the absence of the word "negligence" in the allegations. Wisconsin is a notice pleading state, and a pleading

need only notify the opposing party of the pleader's position in the case—no "magic words" are required. *Norwest Bank Wis. Eau Claire v. Plourde*, 185 Wis. 2d 377, 388, 518 N.W.2d 265 (Ct. App. 1994). A complaint need not even "state[] the cause of action the plaintiff believes he has pleaded"; it will be upheld if it " 'states any facts on which the plaintiff can recover.' " *De Bauche v. Knott*, 69 Wis. 2d 119, 121–22, 230 N.W.2d 158 (1975) (citations omitted).

¶ 12. Alternative Living argues, however, that by citing statutory and code violations, and by failing to expressly incorporate the allegations of her earlier complaint, Farr should be deemed to have abandoned her negligence claim. Alternative Living claims that the amended complaint deprived it of notice that Farr was continuing to pursue a negligence claim. We reject these arguments. In an affidavit attached to Farr's motion for leave to amend her complaint, Farr's attorney states that the proposed amended complaint "does not add . . . an additional cause of action" but "streamlines the two causes of action," an apparent reference to the negligence-based claims for compensatory and punitive damages set forth in the original complaint. At the September 14, 2000 hearing on Farr's request, her attorney repeatedly asserted that the proposed amended complaint alleged the same causes of action as the original complaint.[3] We thus reject Alternative Living's suggestion that it was somehow misled into believing that Farr no longer intended to pursue a claim in negligence after filing her second amended complaint.

---

[3] For example, Farr's counsel contended that "[t]his amended complaint . . . has not changed really in any way from the first amended complaint . . . . Since day one they have been the same two causes of action."

¶ 13. Because we conclude that the second amended complaint states a claim on which relief may be granted, it is not necessary for us to address Farr's arguments concerning the court's denial of her request to further amend the complaint or to "revert back" to an earlier one. Our disposition also renders unnecessary any consideration of whether to exercise our discretionary reversal authority pursuant to WIS. STAT. § 752.35. We do address, however, whether Farr may on remand pursue a claim for relief grounded solely on alleged statutory or code violations, irrespective of any negligence on the part of Alternative Living or its employees. We conclude she may not.

¶ 14. Farr claims that she has a private right of action for violations of her rights as a resident of a CBRF as set forth in WIS. STAT. ch. 50 and WIS. ADMIN. CODE § HFS 83. Whether a statute creates a private cause of action presents a question of statutory interpretation, subject to our de novo review, during which our goal is to "ascertain and give effect to the legislature's intent." *Hausman v. St. Croix Care Ctr., Inc.*, 207 Wis. 2d 400, 406, 558 N.W.2d 893 (Ct. App. 1996), *rev'd on other grounds*, 214 Wis. 2d 655, 571 N.W.2d 393 (1997). "[A] private right of action is only created when (1) the language or the form of the statute evinces the legislature's intent to create a private right of action, and (2) the statute establishes private civil liability rather than merely providing for protection of the public." *Grube v. Daun*, 210 Wis. 2d 681, ¶ 12, 563 N.W.2d 523 (1997).

¶ 15. The Department of Health and Family Services must, under WIS. STAT. § 50.02(2), "by rule . . . develop, establish and enforce regulations and standards for the care, treatment, health, safety, rights,

welfare and comfort of residents in community-based residential facilities." The department has established these standards in WIS. ADMIN. CODE § HFS 83 ("Community-Based Residential Facilities"). Farr bases her entitlement to a private cause of action for violations of the statute and regulations on WIS. STAT. § 50.10, which provides as follows:

**50.10 Private cause of action.**

**(1)** Any person residing in a nursing home has an independent cause of action to correct conditions in the nursing home or acts or omissions by the nursing home or by the department, that:

(a) The person alleges violate this subchapter or rules promulgated under this subchapter; and

(b) The person alleges are foreseeably related to impairing the person's health, safety, personal care, rights or welfare.

**(2)** Actions under this section are for mandamus against the department or for injunctive relief against either the nursing home or the department.

¶ 16. The plain language of WIS. STAT. § 50.10 demonstrates that the section applies only to residents of a "nursing home," which is different from a CBRF by statutory definition.[4] Moreover, the private remedy under § 50.10 is limited to an action for mandamus or injunctive relief. Suits for monetary damages, such as the present one, are not mentioned. In short, we find no "clear indication" of a legislative intent in chapter 50 to

---

[4] *See* WIS. STAT. § 50.01(3); *see also Juneau County v. Sauk County*, 217 Wis. 2d 705, 711–12, 580 N.W.2d 694 (Ct. App. 1998) (concluding that "a CBRF is not a nursing home" under an earlier statutory definition).

permit CBRF residents to sue for compensatory and punitive damages based solely on alleged violations of the standards for CBRFs set out in the statutes or administrative code.[5] *See Grube*, 210 Wis. 2d at ¶ 12.

¶ 17. Farr argues, however, that such an intent may be inferred from WIS. STAT. § 50.11, which provides:

> The remedies provided by this subchapter are cumulative and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party, and no judgment under this subchapter shall preclude any party from obtaining additional relief based upon the same facts.

We agree with Alternative Living that this section simply allows both nursing home and CBRF residents to pursue common-law remedies against facilities and their employees for alleged breaches of common-law duties. As we have discussed, we conclude that Farr has presented just such a claim in her second amended complaint.[6]

¶ 18. We are similarly unpersuaded by Farr's reliance on *Kujawski v. Arbor View Health Care*, 139 Wis. 2d 455, 407 N.W.2d 249 (1987). The plaintiff in *Kujawski* was a nursing home resident who claimed nursing

---

[5] A CBRF resident's only "remedy" for statutory or code violations appears to lie in certain reporting requirements and a mandated grievance procedure. *See* WIS. STAT. § 50.09; WIS. ADMIN. CODE § HFS 83.21.

[6] We do not address, because the parties have not, any issues regarding the admissibility or import of evidence that Alternative Living allegedly violated statutory or regulatory requirements on the question of whether the care it provided to Farr failed to meet common-law standards. *See, e.g., Taft v. Derricks*, 2000 WI 103, ¶¶ 11–22, 235 Wis. 2d 22, 613 N.W.2d 190.

home employees negligently caused her injury in a fall from a wheelchair. *Id.* at 457–58. There was no discussion in *Kujawski* of whether the plaintiff could bring a private cause of action for violations of Wis. Stat. ch. 50 or administrative regulations enacted thereunder. The plaintiff's claim was brought exclusively under a common-law negligence theory, and the disputed issues on appeal were (1) the necessity for expert testimony to establish the applicable standard of care, and (2) the sufficiency of the evidence in establishing causation. *Id.* at 458. The opinion in *Kujawski* is thus of no assistance to us here.

## CONCLUSION

¶ 19. For the reasons discussed above, we reverse the appealed order and remand to the trial court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.