DECISION
Before this Court is a matter for decision following a non-jury trial in which the Plaintiff, Joseph F. Alessi ("Plaintiff"), seeks damages for unjust enrichment for costs related to his purchase and ownership of a parcel of property abutting the Bowen Court Condominiums in East Providence. The Plaintiff alleges that the Defendants, Bowen Court Condominium and President of the Bowen Court Condominium Association, Janet O'Rourke (collectively, "Defendants"), were unjustly enriched by the Plaintiff's payment of the purchase price and associated costs, as well as property taxes the Plaintiff paid on the property between 1994 and the time of trial. Jurisdiction is pursuant to G.L. 1956 § 8-2-13.
 I Facts and Travel
By Declaration dated January 10, 1989 and recorded January 11, 1989, Bowen Court Associates ("Declarant") created Bowen Court Condominium. The Declarant vested the Condominium with approximately 6.7 acres of land in East Providence. Pursuant to G.L. 1956 § 34-36.1-2.05 and 2.10 and Article 7 of the Declaration of Condominium, the Declarant retained a ten-year option to withdraw a portion of land from the Condominium. This portion of land is the *Page 2 
subject parcel of this litigation and consists of 1.92 acres of undeveloped land on Scott Drive in East Providence. The subject parcel abuts the Bowen Court Condominiums. On November 30, 1990, the Declarant filed the 13th Amendment to the Declaration of Condominium of Bowen Court Condominiums, which revised the metes and bounds description of the withdrawable land.
On December 5, 1990, the Declarant conveyed a mortgage deed to the subject parcel to the Rhode Island Credit Union ("Credit Union"). On June 15, 1992, the Credit Union foreclosed upon the property and conveyed the property to itself in order to satisfy its lien. On July 29, 1992, the Credit Union's interest in the property was transferred to the Rhode Island Depositors Economic Protection Corporation ("DEPCO").
On January 31, 1994, the Plaintiff purchased the property from DEPCO for approximately $52,000. Neither the Plaintiff nor his predecessors in title withdrew the parcel from the Condominium or otherwise exercised any development rights between the date of purchase on January 31, 1994 and the date the rights expired on January 11, 1999. On December 12, 2001 and again on December 20, 2002, the Plaintiff requested that the Defendants exclude the subject property pursuant to § 34-36.1-2.18(i). The parties agree that the Defendants never paid any municipal tax related to the subject parcel.
The Plaintiff filed his three-count Complaint on January 14, 2003. In Count I, the Plaintiff sought a declaratory judgment declaring that title to the subject parcel was properly in the Plaintiff. On March 12, 2003, the Defendants counterclaimed and asked this Court to quiet title to the subject parcel. The Plaintiff and the Defendants filed cross motions for summary judgment with respect to this issue. On June 25, 2004, this Court denied the Plaintiff's motion for summary judgment and granted the Defendants' cross motion and quieted title in favor of the Defendants. *Page 3 
In Count II of the Plaintiff's Complaint, the Plaintiff sought damages for unjust enrichment based on two theories. First, the Plaintiff claimed that the Defendants would be unjustly enriched by the Plaintiff's purchase of the property if title were quieted in the Defendants' favor. Second, the Plaintiff claimed that the Defendants were unjustly enriched by the Plaintiff's payment of property taxes and costs associated with such ownership.
Count III was a claim for slander of title and related damages. In December 2009, the parties dismissed Count III by agreement.
Therefore, the only remaining issue before this Court is the claim of unjust enrichment. Although the Plaintiff continues to argue that that the Defendants have no right of title to the subject parcel, this Court will not address this matter as it became moot when title was quieted in favor of the Defendants. SeeAssociated Builders Contractors of Rhode Island, Inc. v. Cityof Providence, 754 A.2d 89, 90 (R.I. 2000).
This Court has heard testimony, examined all exhibits, and reviewed the evidence before it and the briefs filed by the parties. This Court now renders its decision.
 II Analysis A Unjust Enrichment
The Plaintiff argues that the Defendants were unjustly enriched by the Plaintiff's payment of the purchase price, associated costs, and property taxes on the subject parcel. The Defendants contend that they were not unjustly enriched by the Plaintiff's payments on the property.
The concept of unjust enrichment is based on the equitable principle that an individual shall not be permitted to enrich him or herself at the expense of another by receiving property or *Page 4 
benefits without compensating for them. R B ElectricCo. v. Amco Constriction Co., 471 A.2d 1351, 1355 (R.I. 1984). To recover under quasi-contract for unjust enrichment, a plaintiff is required to prove three elements: (1) that the plaintiff conferred a benefit upon the defendant, (2) that the defendant appreciated such benefit, and (3) that there was acceptance of such benefit in circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof. Bouchard v.Price, 694 A.2d 670, 673 (R.I. 1997) (citing Anthony Corrado,Inc. v. Menard Co. Building Contractors,589 A.2d 1201, 1201-02 (R.I. 1991)). Our Supreme Court has noted that the most significant determination is whether enrichment to the defendant is unjust. R B Electric Co. v. Amco ConstructionCo., 471 A.2d at 1356 (citing Paschall's, Inc. v. Dozier,219 Tenn. 45, 57 (1966)).
 1 Property Taxes
The Plaintiff contends that the Defendants would be unjustly enriched if they assumed fee simple ownership of the subject property and did not reimburse the Plaintiff for the property taxes he paid on the property. The Court notes that the Plaintiff began paying real estate taxes on the property on January 31, 1994 and continued paying taxes after the January 11, 1999 expiration date. Because the Plaintiff was the undisputed true owner of the subject parcel between January 31, 1994 and January 11, 1999, he cannot seek reimbursement for taxes paid during that period.
At issue is whether the Defendants were unjustly enriched by the Plaintiff's payment of property taxes after the January 11, 1999 expiration date. Here, the first two requirements of unjust enrichment are clearly met. With respect to the benefit of the payments, there is no doubt that the Plaintiff conferred a benefit upon the Defendants by paying taxes on the subject parcel *Page 5 
after title reverted back to the Defendants. Additionally, regarding the Defendants' appreciation of the benefit, the Defendants admittedly paid no property taxes on the subject parcel during the period in question and therefore appreciated the benefit of the Plaintiff's payment. See Narragansett Electric Company v.Carbone, 898 A.2d 87, 100 (R.I. 2006) (affirming the trial court's finding that a defendant appreciated the benefit of unbilled electricity, even though she allegedly was unaware that an illegal bypass was installed)
Determining what constitutes a just or unjust result under the third requirement requires this Court to examine the facts of the particular case and balance the equities. R B ElectricCo., 471 A.2d at 1356. In making such a determination, our Supreme Court has distinguished a plaintiff who is aware of the nature and risk of conferring a benefit from a plaintiff who confers a benefit under a mistaken belief or a mistake of fact. SeeEastern Motor Inns, Inc. v. Ricci,565 A.2d 1265, 1272-73 (R.I. 1989); Dellagrotta v.Dellagrotta, 873 A.2d 101, 114 (R.I. 2005).
In Eastern Motor Inns, Inc., a prospective purchaser sought to recover expenditures from obtaining a zoning change for seller's property. 565 A.2d at 1272. After the sale fell through, the purchaser alleged that the seller had been unjustly enriched because the value of the property had increased as a result of the successful zoning change. Id. The trial justice found that the increased value of the property was the result of a business deal that was "brought to an end wherein all parties understood their risks and obligations, particularly with respect to the zoning change." Id. at 1273. The trial court, therefore, held that the plaintiff was not entitled to relief under the principles of unjust enrichment. Our Supreme Court agreed that there was sufficient evidence that the defendant had expended money toward the zoning change "with a conscious appreciation of the nature and risk of their transaction rather than a mistaken belief or mistake of fact." Id. Our Supreme Court held that "[w]hen a party makes improvements or confers a *Page 6 
benefit upon the land of another with full knowledge that title is vested in another, or subject to dispute, the improver will not be entitled to unjust enrichment under the equitable doctrine of unjust enrichment." Id. at 1272.
Our Supreme Court reached a different result in a case where the gift of a marital home was at issue. In Dellagrotta, a woman sought to recover on a theory of unjust enrichment after her former in-laws sought possession of the home where she and her former husband resided. 873 A.2d at 104. The groom's parents purchased the property prior to their son's marriage with the intention that the house would serve as a marital domicile for the new married couple.Id. The couple moved into the home after the wedding and subsequently invested both money and labor in making improvements to the property. Id. The groom's parents argued that the woman should not be able to recover on the basis of unjust enrichment because the woman knew they held title to the property.Id. at 113. Nevertheless, the court affirmed the lower court's finding for the woman on her unjust enrichment claim.Id. at 114. In doing so, the court distinguished the case fromEastern Motor Inns, Inc., citing the fact that the house was thought to be a wedding gift from the groom's parents and was distinct from the arms-length transaction that took place inEastern Motor Inns, Inc. Id. The court found that the woman was operating under the "reasonable belief (at the very least) that she and her husband were equitable owners of the property" at the time she made the improvements to the house.Id.
The Defendants have attempted to distinguish the present case fromDellagrotta, contending that the facts of the present case are more akin to those in Eastern Motor Inns, Inc. The Defendants argue that similar to the expenses paid by the prospective purchaser in Eastern Motor Inns, Inc., the property taxes paid by Plaintiff were business expenses, which he paid to protect his own investment. In addition, the Defendants assert that the Plaintiff's unjust *Page 7 
enrichment argument should fail because the Plaintiff had knowledge and constructive notice that he no longer held title to the property after January 11, 1999, or he was at least aware that ownership of the property was subject to dispute. The Defendants dismiss the applicability of Dellagrotta to the present case based on the court's emphasis on the familial relationship between the parties in that case.
This Court disagrees. The instant case is distinguishable fromEaster Motor Inns, Inc. because there, the Plaintiff acted under the mistaken belief that he owned the property. Unlike the prospective purchaser who had a "conscious appreciation" that the real estate transaction might fall through in Eastern Motor Inns,Inc., the Plaintiff honestly believed he owned the subject parcel and continued paying taxes in order to protect his interest in that property. Similar to the court's finding inDellagrotta, the Plaintiff's belief of ownership was reasonable. Even if an investigation would have revealed that a dispute existed over the title, the Plaintiff's assumption of good title does not preclude him from recovering under a theory of unjust enrichment. Toupin v. Laverdiere,729 A.2d 1286, 1288-89 (R.I. 1999) ("A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care.").
Although the Rhode Island Supreme Court has not specifically addressed the question of whether a plaintiff may recover a payment of tax made under the mistaken belief of ownership, other jurisdictions are split over this issue. Several jurisdictions have taken the position that an individual paying taxes under a mistaken belief of ownership is a volunteer and is not entitled to recovery under the theory of unjust enrichment. See McMillan v.O'Brien, 29 P.2d 183 (Cal. 1934). Other jurisdictions have granted relief to individuals who have paid taxes on the basis of mistaken ownership. See Buckett v. Jante,767 N.W.2d 376 (Wis. Ct. App. 2009) (holding that *Page 8 
when a party mistakenly confers a monetary benefit on another, that party is entitled to restitution from the benefited party);Kressler v. Flynn, 83 N.E.2d 876 (Mass. 1949) (finding that a plaintiff was entitled to reimbursement for taxes paid where she had color of title and was not a mere intermeddler or volunteer). These courts have distinguished between a true volunteer and an individual who makes a voluntary payment under a mistaken belief of ownership. The Wisconsin Supreme Court reasoned that while "[i]t is true that [the individual] voluntarily makes the payment, . . . he does not voluntarily pay it for another, or for another's protection. He pays it for the purpose of protecting his own rights." CentralWisconsin Trust Co. v. Swenson et al.,267 N.W. 307, 309 (Wis. 1936).
Balancing the equities of the case and taking into account the above-mentioned cases decided by our Supreme Court, this Court adopts the view that permits recovery to individuals who have paid taxes based on mistaken ownership. Because the Plaintiff continued paying taxes based on the honest belief that he retained title to the property and the Defendants undoubtedly benefited from this mistake, this Court finds that the Plaintiff should be reimbursed for property tax payments made on the subject parcel after January 11, 1999.
 2 Purchase Price
In addition to seeking reimbursement for property taxes, the Plaintiff contends that the Defendants were also unjustly enriched by the Plaintiff's purchase of the subject parcel. Specifically, the Plaintiff asserts that he should be reimbursed for the purchase price and other costs associated with purchasing the property. The Defendants counter that the purchase price paid by the Plaintiff — akin to the prospective purchaser's contribution to the zoning change in *Page 9 Eastern Motor Inns, Inc. — was a business expense that cannot be recovered. See 565 A.2d at 1272.
Though not finding that the purchase price and associated costs are analogous to the business expenses of Eastern Motor Inns,Inc., this Court agrees that Defendants were not unjustly enriched by the Plaintiff's purchase of the property. The Plaintiff did not purchase the property from the Defendants, but rather, from DEPCO after Bowen Court Associates' interest was foreclosed upon by the Union. Therefore, the Defendants did not hold a present interest in the property at the time of the Plaintiff's purchase, and a benefit arguably was not conferred upon and appreciated by the Defendants individually. See Kaye v. Grossman,202 F.3d 611, 616 (2nd Cir. 2000) (finding that a defendant's receipt of an indirect benefit did not establish the specific and direct benefit necessary to support an unjust enrichment claim).
The Plaintiff further argues that the Defendants benefited from and appreciated the value of avoiding the consequences of having a mortgage placed on the subject parcel. However, even if the Defendants appreciated such a benefit of the Plaintiff's purchase, such a result would not be inequitable. The Plaintiff had a fee simple interest in the property between January 31, 1994 and January 11, 1999 and an option to withdraw the land during that time. Although the Plaintiff was apparently unaware of his obligation to withdraw the property prior to the expiration date pursuant to the Declaration of Condominium, the Plaintiff actually owned the property for nearly five years before title reverted back to the Defendants. See UnitedStates v. General Motors Corp.,323 U.S. 372, 378 (1945) (describing the ownership of property as "the right to possess, use, and dispose of it"). Therefore, the Plaintiff's payment of the purchase price and associated costs did not unjustly benefit the Defendants, and the Plaintiff cannot recover these costs on the ground of unjust enrichment. *Page 10 
 III Conclusion
For the reasons stated above, the Defendants shall reimburse the Plaintiff for property taxes paid by the Plaintiff after January 11, 1999 with interest thereon. The Plaintiff shall not be reimbursed for the purchase price of the subject parcel.
Counsel shall submit an appropriate order in accordance with this decision.