**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 14, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP922**

Cir. Ct. No. **2022SC790**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

MATTHEW STEVEN BARGER,

   PLAINTIFF-RESPONDENT,

 V.

KATIE PETERS,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Affirmed*.

¶1     LAZAR, J.[1]  Katie Peters appeals from a judgment of the circuit court against her and in favor of Matthew Steven Barger. Barger filed this small

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

claims suit against Peters seeking $8,587.50 for remodeling work that he completed on an apartment in a building that she purchased sometime after the work began and now owns.

¶2      After a trial, the circuit court awarded $5,000 to Barger on a theory of unjust enrichment; there was no written contract containing the terms of the agreement and significant confusion about whether the previous owner of the building or Peters was responsible for the work, but the court reasoned that Peters "ended up with the fixed-up building and … own[s] it, and [Barger is] out of money." *See, e.g.*, **Buckett v. Jante**, 2009 WI App 55, ¶10, 316 Wis. 2d 804, 767 N.W.2d 376 (explaining that the elements of unjust enrichment are that "the plaintiff conferred a benefit upon the defendant," the defendant appreciated that benefit, and the defendant accepted the benefit under circumstances that make it inequitable to do so "without payment of its value").

¶3      In her appellate brief, Peters identified two arguments:  (1) that her attorney in the circuit court committed legal malpractice, and (2) that she did not receive due process because her case was inappropriately consolidated, the judge was biased against her, and the proceeding in the circuit court was unfair.  Barger responded by asserting that neither of these undeveloped arguments provides grounds for reversal and pointing out that Peters had not made any objections to evidence introduced at trial or asserted any mistake of law by the trial court. Peters did not file a reply brief.

¶4      Arguments not refuted may be deemed conceded.  *See **Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).  Moreover, Peters's initial brief does not conform to the rules of appellate procedure; for example, it does not discuss applicable law as required by

WIS. STAT. RULE 809.19(1)(e) and does not develop legal arguments sufficient to reverse the circuit court. This court will not independently develop a litigant's arguments. *Vesely v. Security First Nat'l Bank*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593 (Ct. App. 1985). For these reasons, the judgment is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.